## FLOUR CITY FUEL & TRANSFER COMPANY v. MARGARET A. YOUNG.[1]

### December 9, 1921.

### No. 22,533.

**Right to trial by jury.**

　　1. In an action for merchandise sold, both the plaintiff and the defendant have a constitutional right to a trial by jury.

[1]Reported in 185 N. W. 934.

**Constitution — right to trial by jury — Conciliation Court Act valid.**

2. In the conciliation court of Minneapolis there is no trial by jury. There is a right of removal in the losing party to the municipal court where a trial by jury is given. The giving of a trial by jury in the municipal court upon removal, with no jury trial in the conciliation court, satisfies the constitutional guaranty of a jury trial, and the act establishing the conciliation court is not unconstitutional because it does not give a jury trial in the conciliation court in the first instance.

**Same — requirement of bond to pay judgment invalid.**

3. The requirement of the statute that the losing party in the conciliation court, where the controversy is heard informally and determined summarily, must, as a condition to removal and a jury trial in municipal court, execute a bond to pay the judgment rendered in the conciliation court and such judgment as may be rendered in the municipal court, unreasonably burdens the right to a jury trial and is unconstitutional.

**Remainder of act valid.**

4. The unconstitutional exaction of a bond is not so connected with the subject of the statute nor so essential an element of it that the act is unconstitutional as a whole. The provision for a bond is nugatory and will be disregarded, and there is left a workable statute.

**Same — requirement of jury fee valid.**

5. The provision that the removing party pay $5 as a condition to removal, this being the jury fee and fees of the clerk in the municipal court, does not unduly burden the right to trial by jury, and is constitutional.

Upon the relation of Margaret A. Young the supreme court granted its writ of certiorari directed to the conciliation court of Minneapolis, and to plaintiff, to review the judgment of that court, Salmon, J., in plaintiff's favor. Writ quashed.

*Margaret A. Young,* pro se.

*Ralph S. Parker* and *M. U. S. Kjorlaug,* for respondent.

DIBELL, J.

Certiorari to the conciliation court of Minneapolis, on the relation of the defendant, to review a judgment in favor of the plaintiff for $40.85. The plaintiff is a dealer in coal and the defendant the owner

of a flat building. The plaintiff's claim was for coal delivered to the defendant at her flat building. The defendant demanded a trial by jury. It was refused.

If the defendant was entitled, under the Constitution, to a jury trial in the conciliation court, there is error in the judgment. If she was entitled to a jury trial under the Constitution, and the act gives her a jury trial upon the removal of the action to the municipal court, and a jury trial there is sufficient to satisfy the constitutional guaranty, there is no error in the judgment, for she did not avail herself of the right of removal, but, if the right of removal and trial by jury in the municipal court is so hedged about with restrictions or so burdened with conditions that it is not a jury trial, such as the Constitution guarantees, the act is unconstitutional and the judgment is wrong, unless such restrictions and conditions are of such character that they may be disregarded and the imposition of them treated as nugatory and there be left a working statute.

A determination of the questions involved requires a brief consideration of the right to jury trial and the nature of the conciliation court and the procedure therein.

1. The Constitution provides that "the right of trial by jury shall remain inviolate, and shall extend to all cases at law without regard to the amount in controversy," etc. Const. art. 1, § 4. The right of jury trial is a right of jury trial as it existed in the territory at the time of the adoption of the Constitution. Hawley v. Wallace, 137 Minn. 183, 163 N. W. 127, and cases cited; 2 Dunnell, Minn. Dig. § 5227. At that time the statute gave a jury trial, among other cases, "in an action for the recovery of money only." R. S. 1851, c. 71, § 6. The statute has continued. G. S. 1913, § 7792. The plaintiff's action was an ordinary common law action for the recovery of money only, and was a case at law within the Constitution. State v. Minnesota T. M. Co. 40 Minn. 213, 41 N. W. 1020, 3 L.R.A. 510. Each party was entitled to a trial by jury.

2. The conciliation court was established by Laws 1917, p. 377, c. 263, entitled "an act to provide for an additional judge of the munici-

pal court for the city of Minneapolis, Hennepin county, and providing for such judge to act as a court of conciliation and small debtors court."

The court is a branch of the municipal court. It has conciliation jurisdiction to the extent of the jurisdiction of the municipal court. As a court of conciliation it exercises its friendly offices when invoked in bringing the parties to an agreement. If it succeeds a proper judgment is entered. If conciliation fails a dismissal follows, unless the amount involved does not exceed $50, in which event the court proceeds as a small debtors court, informally hears the parties, and summarily enters judgment. The ordinary rules of procedure are put aside. Substantive law is not disregarded. It is not intended to give one party something or to deprive the other party of anything, still, the proceeding is summary, and the usual safeguards attendant upon the investigation of an issue of fact are purposely omitted in the interest of a speedy determination. It is intended that a substantially right result will be reached. At all events it must be speedy.

It is not the theory of the statute that judges or juries are hostile to poor litigants or that they do not treat them justly. Such a notion is at war with the practical experience of those dealing directly with courts and juries. The theory, from a conciliation standpoint, is that many disputes may be amicably settled, if the parties are brought together, face to face, before an unprejudiced and sympathetic judge, who will painstakingly inform them of their rights under the law, suggest what may be done, and tactfully help them to an amicable ending of their controversy. The theory from the standpoint of a small debtors court is that litigation by the common law method over small claims is wasteful, and fails to bring practical justice because of an expense out of proportion to the amounts involved, the time of the parties consumed in the litigation when they should be engaged otherwise, and the attendant delay in reaching a result. The legal profession notes the waste more clearly than laymen. It is recognized that to some extent defendants decline to pay, knowing that the smallness of the claim practically insures against compulsory payment. It is recognized that some persons having small claims submit to a denial of payment, because

they cannot incur the expense and await the termination of the ordinary trial. Under the act the expense is put upon the taxpayers of the city, and the trial is speeded. It is all over in a few days. The effort is to avoid contention and a prolonged controversy, and lawyers are excluded. While it is recognized that litigation without expense may encourage the assertion of doubtful or unfounded claims, or claims that might as well go unasserted, the thought of the statute is that on the whole justice is best subserved by a summary consideration of small controversies without expense to the parties.

This is not the place to discuss the character and history and policy of such courts. We are interested in them here only as they affect the legal questions presented. A study of them is given under the title of Justice and the Poor in Bulletin No. 13, Carnegie Foundation, 41-67. See also Renaud v. State Court M. & A. 124 Mich. 648, 83 N. W. 620, 51 L.R.A. 458, 83 Am. St. 346; 26 Harvard Law Rev. 302, 310; 64 Pa. Law Rev. 357; Bulletin No. 8, Am. Jud. Soc. In an article in 1 Minn. Law Rev. 107, written shortly prior to the passage of the Minneapolis act, and in 2 Minn. Law Rev. 491, written shortly after, William R. Vance, then dean of the University Law School, writes of such courts, their purposes and workings, and gives their historical background, and he mentions the constitutional question which now engages our attention.

The statute does not provide for a jury in the conciliation court. There is no way of getting one. If a party is aggrieved by the judgment rendered by the conciliation judge, and is entitled to a jury trial, he "may have the cause removed to said municipal court for trial by jury." To get this jury trial he must "file with said judge a bond executed by the party demanding the removal, his agent or attorney, to the adverse party in a sum sufficient to secure the amount of such judgment, and costs in such municipal court with sufficient surety to be approved by said conciliation judge, conditioned that the party so removing same shall prosecute said case with effect in said municipal court and abide the order of the court therein and pay any judgment that may be rendered against him therein." He must further file an affidavit of good

faith and must pay the sum of $5 for costs and jury fee in municipal court. The case then goes to the jury calendar of the municipal court and has a speedy hearing.

The constitutional guaranty is satisfied if a party is afforded a jury trial on appeal, though not in the tribunal of primary jurisdiction. Capital Traction Co. v. Hof, 174 U. S. 1, 19 Sup. Ct. 580, 43 L. ed. 873; Alford v. State, 170 Ala. 178, 54 South. 213, Ann. Cas. 1912C, 1093; Moundsville v. Fountain, 27 W. Va. 182; Jones v. Robbins, 8 Gray (Mass.) 329; Beers v. Beers, 4 Conn. 535, 10 Am. Dec. 186; City of Emporia v. Volmer, 12 Kan. 622; O'Laughlin v. Bird, 128 Mass. 600. This holding was approved in State v. Everett, 14 Minn. 330 (439); a criminal case, where the defendant was entitled to a jury trial under Const. art. 1, § 6.

3. The question whether the exaction of a bond is constitutional is very nearly if not quite determined by our prior decisions. In State v. Everett, 14 Minn. 330 (439) just cited, it was held that the provision for a trial before a jury of 12 on appeal from a justice of the peace, before whom there was a trial with a jury of 6, which was of course not a constitutional jury, did not satisfy the constitutional guaranty, where the defendant, as a condition to the appeal, was required to "enter into a recognizance, with one or more sufficient sureties, conditioned to appear before said court and abide the judgment of the court herein, and in the meantime to keep the peace and be of good behavior." He was not permitted to suffer a commitment; and the holding was that the requirement that he recognize with sureties, to get a trial before a constitutional jury of 12, deprived him of his constitutional right of trial by jury. And we have Weir v. St. Paul S. & T. F. R. Co. 18 Minn. 139 (155). It involved an appeal from the award of commissioners in condemnation. The statute provided for a hearing before a jury on appeal to the district court and required a bond in double the amount of the award conditioned to prosecute the appeal and abide the judgment. Without deciding whether there was a constitutional right of trial by jury on appeal, the court, assuming that there was, said that the section of the statute, requiring a bond, "as it would fetter the right

of trial by jury, must in such cases be treated as nugatory." There are other holdings of like effect.

In Capital Traction Co. v. Hof, 174 U. S. 1, 19 Sup. Ct. 580, 43 L. ed. 873, it was held that a party's right to a jury trial under the seventh amendment was not unduly restricted when on an appeal from a justice of the peace, where he did not have a constitutional jury trial, to a court affording him one, he was required to give a bond to pay the judgment of the appellate court. There are similar holdings under the constitutions of the different states and the doctrine is well enough sustained, though the cases are not in harmony. The conflict is not easily if at all reconcilable. We may note, too, that in this state from the beginning the party appealing from a justice of the peace has been required to give security to abide the judgment of the district court. The question is not free of difficulty, but following the lead of our early cases, and having in view the watchful jealousy of the courts of an impairment of the right of a free and inviolate jury trial, we hold that the requirement of the statute that, to get to a jury after summary hearing in the small debtors court, the party removing the action must give bond to pay the judgment in both courts, is unconstitutional.

4. The requirement that a bond be given is not at all the heart of the statute. The legislature might have left it out. It doubtless would have passed the act without the exaction of a bond on removal, if it had understood that such exaction was unconstitutional, just as readily. The provision for a bond is not so connected with the subject matter and the purpose of the statute that the whole statute fails if it is unconstitutional. 2 Dunnell, Minn. Dig. § 8936, and cases cited; Fairley v. City of Duluth, supra, page 374, 185 N. W. 390; Bofferding v. Mengelkoch, 129 Minn. 184, 152 N. W. 135; State v. Ryder, 126 Minn. 95, 147 N. W. 953, 5 A.L.R. 1449; State v. Standard Oil Co. 111 Minn. 85, 126 N. W. 527. Using the language of Weir v. St. Paul S. & T. F. R. Co. 18 Minn. 139 (155) cited supra, the provision for a bond will be "treated as nugatory."

5. The portion of the act requiring the party asking a removal to pay $5 as a condition of removal and a jury trial has had consideration. The majority of the court are of the view that it does not impose such a

burden upon the right to a jury trial as to render the requirement of payment by the removing party unconstitutional. From territorial times a jury fee has been exacted, as well as clerk's fee, and that is what is exacted here. In the municipal court the party demanding a jury trial pays a $3 jury fee; if not demanded, a jury is waived. We do not fail to note that in this case the party subjected to the payment is the defendant who is in the court unwillingly. The Chief Justice and the writer are not in accord with this view, but if this provision were held unconstitutional it is not their view that the whole act would fall.

Objection is made to the act because of the severe provisions for costs in the event of a removal to the municipal court and a failure to reduce the recovery. They are not involved here. Objection is made to the provision of the act that there shall be no appeal from the judgment of the municipal court, but that it shall be final. That objection is not here. No one is trying to appeal from the municipal court. We may note, however, that, while the right of appeal is statutory, there may be a constitutional right to a review in the supreme court which survives the failure to provide a statutory appeal and all assertions of finality. County of Brown v. Winona & St. P. Land Co. 38 Minn. 397, 37 N. W. 949.

The result is that the defendant, while entitled to a jury trial, was not entitled to a jury trial in the conciliation court; that a provision sufficient to satisfy the Constitution was made for a trial by jury in the municipal court upon removal there; that the requirement for giving a bond, in order to get to a jury and present her case, is unconstitutional, and is to be disregarded, that its unconstitutionality does not so affect the rest of the act as to make it wholly unconstitutional and that the provision for paying $5 on removal from the conciliation court to the municipal court is not unconstitutional. The defendant is wrong in her insistence upon a constitutional right to a jury trial in the conciliation court. She has not put herself in position for a jury trial in the municipal court. Up to the present time she has no legal grievance. No statutory costs are allowed.

Writ quashed.