[Civ. No. 9897. Second Appellate District, Division Two.—October 29, 1934.]

LOS ANGELES BOND & SECURITIES COMPANY, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

John C. Gillham for Petitioner.

Everett W. Mattoon, County Counsel, and D. DeCoster, Chief Deputy County Counsel, for Respondent.

WILLIS, J., *pro tem.*—By this proceeding in *certiorari* petitioner seeks to annul a judgment of the superior court entered after trial *de novo* of a case appealed from the small claims court sitting in the city of Los Angeles.

One Anna May Brown filed an affidavit in the small claims court substantially in the form required by section 927b of the Code of Civil Procedure, claiming that petitioner herein was indebted to her in the sum of $37 for money had and received. Trial was duly had thereon and judgment was entered in favor of Mrs. Brown for the sum of $30. Within five days thereafter petitioner appealed to the superior court from such judgment, in accordance with

the provisions of section 927j of the Code of Civil Procedure. Thereafter trial *de novo* was duly had in the superior court and therein a judgment was entered in favor of Mrs. Brown and against petitioner for said sum and costs in the further sum of $7.60. This judgment petitioner now seeks to have annulled on the ground that the small claims court did not have jurisdiction of the subject-matter of the cause, and that by reason of said court acting in excess of its jurisdiction the superior court on the appeal also acted without and in excess of its jurisdiction.

It is patent that the affidavit filed in the small claims court effectually invoked the jurisdiction of that court in respect to the subject-matter therein, but it is contended that during the trial facts were presented in evidence which deprived the court of such jurisdiction. Briefly stated, petitioner's contention is that the $30 awarded by the judgment in that court comprised two items of a list of items going to make up a total which had been previously agreed upon between the parties as the amount which petitioner would accept in consideration of a dismissal of an action in the superior court between the parties, wherein petitioner was seeking to foreclose a street bond lien on Mrs. Brown's real property and a reinstatement of her bond; that petitioner had accepted such total amount and had dismissed such action and reinstated the bond, and that Mrs. Brown had never rescinded that agreement and therefore no cause of action for money had and received existed, and no jurisdiction was vested in the small claims court to adjudge rescission and repayment. The items in question were $25 for attorney's fee and $5 for title search, represented by petitioner to Mrs. Brown as having been incurred but which in truth had not been incurred. The record certified up and before us shows that the evidence given in each court reveals the facts substantially as stated above.

It is a settled rule in this state that the judgment of an inferior court will not be reviewed on *certiorari* after appeal taken therefrom and determination of such appeal in the superior court. (*Roberts* v. *Police Court,* 185 Cal. 65 [195 Pac. 1053].) The writ herein is directed to a review of the action of the superior court; its functions are limited to such acts of that court as were in excess of its jurisdiction and no irregularities or errors of the small

claims court may be examined on this proceeding. (*Sherer* v. *Superior Court,* 94 Cal. 354 [29 Pac. 716]; *Roberts* v. *Police Court, supra.*) ■ Petitioner invoked the jurisdiction of the superior court by taking the appeal, thereby wiping out the judgment in the small claims court; and the statutes gave to the superior court jurisdiction to entertain such appeal, with power to hear and determine the case on a trial *de novo.* The mere fact that its conclusion may be wrong does not make its action in excess of its jurisdiction. (*Roberts* v. *Police Court, supra; Erickson* v. *Municipal Court,* 219 Cal. 737 [29 Pac. (2d) 192].) ■ Having acquired jurisdiction by virtue of the appeal, its judgment within the limits of that jurisdiction was a final judgment, and neither errors within such jurisdiction, however glaring or gross they may be, nor the sufficiency of the evidence to support such judgment can, as a general rule, be reviewed on *certiorari.* (*Sherer* v. *Superior Court, supra; Fleming* v. *Superior Court,* 196 Cal. 344 [238 Pac. 88]; *Sears* v. *Superior Court,* 133 Cal. App. 704 [24 Pac. (2d) 842]; *Bruner* v. *Superior Court,* 113 Cal. App. 21 [297 Pac. 566].)

■ To the general rule that the sufficiency of the evidence to support the judgment of the trial court will not be reviewed on *certiorari* there is, however, an exception which permits the review of the evidence given in the court below when the question is whether jurisdictional facts were or were not proved. (*Garvin* v. *Chambers,* 195 Cal. 212 [232 Pac. 696]; *Roberts* v. *Police Court, supra.*) But this exception has no application whatever to a tribunal, invested with jurisdiction to try and determine a fact in issue, with reference to proof of that fact. In such a case that fact is not what is called a "jurisdictional fact". It is the fact to be determined by the court having jurisdiction to determine it; and the determination of the court thereon is not void, however defective the evidence (where there is any substantial evidence) upon which it is based. (*Roberts* v. *Police Court, supra.*)

■ The fact in issue in both the small claims court and the superior court was whether petitioner owed money to Mrs. Brown. The complaint filed in the small claims court clearly stated a proper case within that court's jurisdiction.

By the appeal the superior court acquired a like jurisdiction, and at the trial in the latter court evidence was adduced from which the court decided that petitioner owed Mrs. Brown $30, paid by her to petitioner under misrepresentation of facts on the settlement of the bond account. It is contended by petitioner that the undisputed evidence and the facts as found by the court below showed that the debt for money had and received had not come into existence, because Mrs. Brown had never rescinded the agreement in question, and therefore no jurisdiction existed in either court to render the judgment sought to be annulled. We are satisfied that the agreement was not a compromise agreement, as claimed by petitioner, but was an agreed adjustment of an account for charges accrued on a street bond up to the time of such statement, on payment of which petitioner agreed to dismiss its foreclosure proceedings and reinstate the bond. This was accomplished, but later Mrs. Brown discovered that the two items comprising the $30 were wrongfully exacted from her—that they were fictitious charges, return of which she demanded and on refusal so to do she commenced her action. ██ We think this case falls within the principle that where, after a settlement and adjustment of an account of the dealings between parties, a mistake or misrepresentation as to an item is discovered, to recover which an action is brought, the commencement of such an action does not entitle the defendant to open the entire account but the error may be corrected and the rights of the parties readjusted in that respect. (*Ballard* v. *Beveridge,* 171 N. Y. 194 [63 N. E. 960], and cases therein cited.) In accordance with that principle and upon reason, in this case no rescission under the terms of the Civil Code sections was necessary, a demand for the return of the money thus wrongfully paid and received being sufficient. The money so paid was money in the hands of petitioner which of right belonged to Mrs. Brown and which in equity and good conscience petitioner ought to restore to her. This is the essence of the legal claim of money had and received. On that claim the judgment herein is predicated, and the evidence before us shows no excess of jurisdiction in the proceedings in the superior court.

The writ is discharged.

Stephens, P. J., and Desmond, J., concurred.