[Civ. No. 13082. First Dist., Div. One. Oct. 8, 1946.]

THE PRUDENTIAL INSURANCE COMPANY OF AMER-
ICA, Appellant, v. THE SMALL CLAIMS COURT OF
THE CITY AND COUNTY OF SAN FRANCISCO
et al., Respondents.

F. Eldred Boland, Burton L. Walsh and Knight, Boland & Riordan for Appellant.

Robert W. Kenny, Attorney General, Clarence A. Linn, Deputy Attorney General, John J. O'Toole, City Attorney, Reynold J. Bianchi, Deputy City Attorney, and James Martin MacInnis for Respondents.

PETERS, P. J.—The Prudential Insurance Company of America appeals from a judgment of the superior court denying to appellant a writ of prohibition by which it sought to restrain the Small Claims Court of the City and County of San Francisco from proceeding with an action pending before it in which appellant was the defendant. The appeal presents several interesting and difficult questions of first impression involving the constitutionality and interpretation of the statutes creating the small claims court, particularly as those statutes apply to corporations.

The facts giving rise to the controversy are as follows: Appellant is a New Jersey corporation qualified to do an insurance business in California. It has offices in several California cities, and in San Francisco has between 120 to 125 employees. In this city it has a manager, by name Clifford Henderson, who has also been designated as the agent of the company for the purpose of accepting service of process on appellant in this state. Some 12 employees of the company are subject to Henderson's immediate supervision. The company has regularly retained counsel in various cities in the state. In San Francisco, in all disputes growing out of life policies, the legal firm of Knight, Boland and Riordan has been the regularly retained counsel of such company for several years, and was such counsel during all times pertinent in the instant case. Burton L. Walsh is associated with that firm as a lawyer.

In May of 1945 an action was commenced in the small claims court by a holder of a Prudential life policy with disability

benefits naming appellant as defendant. This action involved the disability provisions of the life policy, and involved less than $50. By order appellant was directed by the court to appear and answer on a specified date. This order was served upon Henderson. Before the date fixed in the order appellant specially appeared in the small claims court and moved to quash the service of summons, urging, for reasons substantially similar to those urged on this appeal and hereafter discussed, that that court had no jurisdiction over appellant. The motion was denied, whereupon appellant sought a writ of prohibition in the superior court. An alternative writ was issued and a full hearing had. The superior court denied the application and appellant has appealed.

From the evidence it appears that the same policy holder here involved had instituted a prior action in the small claims court against appellant, and that in that action appellant sought to appear by its regularly retained counsel but had been refused permission to so appear. The result was a default judgment against appellant. After the action here sought to be restrained was instituted the legal firm involved sought and secured from a vice-president of the appellant the appointment of Walsh as the ''agent and representative'' of appellant to appear and defend the action. It is asserted in the petition that Walsh is the only agent or representative of appellant in California who has knowledge of all of the facts of the case or who has been authorized to appear on behalf of the company. The record shows, however, and the trial court found, that Walsh's only knowledge of the case comes from having possession of the files of the company relating to the case, that he has no other knowledge of the facts, and that these files were forwarded to him by the eastern counsel of the company. The petition alleges that the small claims court will not permit Walsh to appear and defend the present action and that this will deprive appellant of its constitutional rights.

The statutory law relating to small claims courts is to be found in the Code of Civil Procedure, section 117 through section 117r. The section primarily involved is section 117g, which provides: ''No attorney at law or other person than the plaintiff and defendant shall take any part in the filing or the prosecution or defense of such litigation in the small claims court. . . .''

The first question presented is whether the prohibition against the appearance of lawyers renders section 117g un-

constitutional. It is urged that depriving a litigant of the right of counsel is a violation of due process. There can be little doubt but that in both civil and criminal cases the right to a hearing includes the right to appear by counsel, and that the arbitrary refusal of such right constitutes a deprivation of due process. (*Roberts* v. *Anderson,* 66 F.2d 874; *Powell* v. *Alabama,* 287 U.S. 45 [53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527]; *Cooke* v. *United States,* 267 U.S. 517 [45 S.Ct. 390, 69 L.Ed. 767]; *Steen* v. *Board of Civil Service Commrs.,* 26 Cal.2d 716 [160 P.2d 816].) But that does not mean that the Legislature cannot create a small claims court where informal hearings may be held without the assistance of counsel, as long as the right to appear by counsel is guaranteed in a real sense somewhere in the proceeding. It is obvious that the plaintiff cannot object, although he has no right of appeal, because he has elected to commence the action in the small claims court. If he desires an attorney he can sue, even on these small claims, in the justices or municipal courts. The defendant has no legal cause for complaint because if he is dissatisfied with the judgment of the small claims court he has a right of appeal to the superior court where he is entitled to a trial *de novo.* (*Los Angeles Bond etc. Co.* v. *Superior Court,* 1 Cal.App.2d 634 [37 P.2d 159].) In that court he and the plaintiff can, of course, appear by counsel. This satisfies the due process requirement.

That this is sound constitutional doctrine has been established by the United States Supreme Court in connection with the deprivation of a jury trial in small claims or conciliation courts. The leading case is *Capital Traction Co.* v. *Hof,* 174 U.S. 1 [19 S.Ct. 580, 43 L.Ed. 873], involving a federal statute relating to the duties of the justices of the peace in the District of Columbia. It was there held that the right to a common-law jury trial as guaranteed by the Seventh Amendment to the United States Constitution was not violated by a statutory provision allowing the primary trial of civil cases of moderate amount by a justice of the peace with or without a noncommon-law jury, where the statute also allowed the parties the right to appeal to a court of record where a common-law jury could be had.

The same result was reached by the Supreme Court of Minnesota in *Flour City Fuel & Transfer Co.* v. *Young,* 150 Minn. 452 [185 N.W. 934], in upholding the constitutionality of the statute of that state creating the conciliation and small

debtor's court, in which juries were barred. It was there held that "The constitutional guaranty is satisfied if a party is afforded a jury trial on appeal though not in the tribunal of primary jurisdiction" citing the Hof and other cases. (185 N.W. at p. 936.) There is an interesting discussion of the purposes and background of such small debtors' courts in both the Hof and Young cases. (See, also, notes in 11 Cal.L.Rev. 276; 1 Minn.L.Rev. 107; 34 Columb.L.Rev. 932.)

The reasoning of these cases is clearly applicable here. Certainly the constitutional guaranty of a jury trial is as important as the constitutional right to appear and prosecute or defend by counsel. If the one constitutional right is not violated as long as a jury trial may be had upon appeal, the right to an appeal where a trial *de novo* with counsel may be had satisfies the other constitutional requirement.

This conclusion is in accord with general public policy. Justice should not be a rich man's luxury. The Magna Carta guaranteed that justice would not be denied or delayed. Ever since 1215 those interested in the administration of justice have struggled somewhat unsuccessfully to live up to that promise so far as the poor litigant is concerned. The delay and expense incident to litigation have long discouraged the attempts of the poor litigant to secure redress for claims meritorious but small in amount. These cases are relatively of as great importance to those litigants as those heard in our highest courts, but the expense of employing an attorney and paying normal court costs is more than the cause will bear. The solution to this problem arrived at not only by many states in the United States, but also in England and in many continental countries, has been to create small claims or conciliation courts where small claims may be prosecuted informally and without the cost, delay, or procedural difficulties incident to normal litigation. (See in general *Hughes* v. *Municipal Court*, 200 Cal. 215 [252 P. 575]; *Leuschen* v. *Small Claims Court*, 191 Cal. 133 [215 P. 391]; discussion in 6 Cal.Jur. 10-Yr.Supp. § 246, p. 832.) If one of the litigants in such a court could employ counsel it would of necessity mean that the poor untrained litigant who could not afford to pay such costs would be at a disadvantage. That is the theory upon which our Legislature, acting well within its powers to determine within constitutional limits the social and economic policies of the state, determined by the adoption of section 117g of the Code of Civil Procedure that lawyers should be

excluded at the first trial of such cases. That policy has received the well-nigh universal approval of the public, the bar and the judiciary. As already held, that policy does not violate any constitutional provision.

■ The next question to be determined is whether the statutes applicable to such small claims courts apply to corporations, i. e., may they sue or be sued in such courts? It will be remembered that section 117g of the Code of Civil Procedure provides that "No attorney at law or other person than the plaintiff and defendant" shall take any part in the prosecution or defense of such litigation. Thus the only "person" who may prosecute or defend such actions is the plaintiff or defendant. Is a corporation a "person" within the meaning of this section? There would normally be no difficulty with this question because section 17 of the Code of Civil Procedure expressly provides that "the word 'person' includes a corporation as well as a natural person." But, argues appellant, a corporation is an artificial entity separate and distinct from its officers or agents, and since section 117g prohibits any "other person" than the plaintiff or defendant from appearing, if a corporation is a "person" within the meaning of the section it is in fact prohibited from appearing at all. In other words, it is argued that the officers, agents, representatives and employees of a corporation are "other" persons within the meaning of section 117g. If this contention is sound the section would deprive corporations of the opportunity to appear and defend such actions, since the artificial entity cannot itself speak, and this would deprive corporations of due process.

The argument while ingenious is unsound. The Legislature could not have intended such a strict and unreasonable construction of the words "other person" in the section. This is made apparent not only by section 17 of the code, above quoted, but by other constitutional and statutory provisions as well. Article XII, section 4 of the Constitution, provides, in part, that "all corporations shall have the right to sue and shall be subject to be sued, in all courts, in like cases as natural persons." Section 341(1) of the Civil Code provides that every corporation has power "To sue and be sued in any court." In 6A California Jurisprudence, page 1378, section 805, the problem, amply supported by case authority, is discussed as follows: "The Code of Civil Procedure, § 17, declares that the word 'person' includes a corporation as well

as a natural person. By that code the law of procedure is general and not divisible into special schemes of procedure, one where a corporation is a party and another where natural persons are parties. . . ." In the same volume at page 1380, section 806, it is stated: "Jurisdiction, which in its broad sense is the power to hear and determine, and in its applied sense is the power to hear and determine the particular case as regards the parties therein, exists over actions by or against corporations in the same cases, and to the same extent, and is to be acquired in the same ways, as over actions between natural persons. The jurisdiction of courts is not made to depend upon the incorporate character of the parties and the venue is not jurisdictional, if no objection be made that it is improper. . . ." (See for an interesting discussion of the problem *J. D. L. Corp.* v. *Bruckman,* 171 Misc. 3 [11 N.Y.S. 2d 741].)

It must be apparent that when section 117g provides that only the plaintiff and defendant may prosecute or defend such actions, and prohibits any "other person" from so appearing, it did not intend to exclude, and by its language it does not exclude, a proper representative of the corporation from appearing or defending such actions. The contended for interpretation would disregard the provisions of the Constitution and the Civil Code above quoted. Since corporations can only appear through some natural person it is obvious that the proper natural person may appear to prosecute or defend such claims, and that such a proper person is not an "other person" excluded by section 117g.

There is a series of cases that it is argued compel the conclusion that a corporation under no circumstances may appear in a court of law *in propria persona.* (*Osborn* v. *Bank of United States,* 9 Wheat. (U.S.) 738 [6 L.Ed 204]; *Aberdeen Bindery* v. *Eastern States P. & Pub. Co.,* 166 Misc. 904 [3 N.Y.S.2d 419]; *Finox Realty Corp.* v. *Lippman,* 163 Misc. 870 [296 N.Y.S. 945]; *Mortgage Commission* v. *Great Neck Imp. Co.,* 162 Misc. 416 [295 N.Y.S. 107]; *Brandstein* v. *White Lamps,* 20 F.Supp. 369; *Mullin-Johnson Co.* v. *Penn Mut. Life Ins. Co.,* 9 F.Supp. 175; *Bennie* v. *Triangle Ranch Co.,* 73 Colo. 586 [216 P. 718]; but see *A. Victor & Co.* v. *Sleininger,* 255 App.Div. 673 [9 N.Y.S.2d 323], and cases there cited.) These cases in various factual and legal situations hold that a corporation under general legal principles

can only appear in a court of record by and through an attorney, and may not appear and defend or prosecute through its officers or employees. Based on these cases appellant argues that since a corporation can only prosecute or defend legal actions through an attorney, and since attorneys are prohibited in the small claims courts, such corporations are denied representation. The obvious answer to this argument is that all of the above cases dealt with courts of record and dealt with general common-law principles. They all resolve around the general rule that a corporation in the absence of statutory authority, even in its own behalf, cannot practice law. None of them dealt with a statutory situation such as is here involved. Here we have a statute, section 117g, that expressly confers on corporations, as well as on other persons, the right to prosecute or defend such actions. At the same time it denies to corporations as well as to other litigants the right to appear in such actions by attorneys. Since a corporation can only speak through a natural person, it is apparent, therefore, that section 117g must be interpreted as conferring on corporations the right to appear through some representative other than an attorney. Thus, here, unlike the above cases, there is express statutory authorization for a corporation to appear *in propria persona* through some proper representative other than an attorney. This serves to distinguish all of the cited cases.

▇ Now who is a proper representative that may lawfully appear in such cases? Obviously, the members of the board of directors and other officers should be permitted to so appear, and this is so whether or not they are attorneys. This follows because in such cases they are not appearing as an attorney but in their capacity as an officer, and represent the corporation in the same sense as an individual attorney may appear to defend or prosecute such actions as a plaintiff or defendant in such courts. In the present case the foreign corporation did not have an officer or member of its board in California. It did have, however, a manager of its life business, who was also its statutory agent for service of all legal process, in this state. He, quite clearly, can appear on behalf of the corporation to defend the action. Just who else should be permitted to appear on behalf of the corporation is not entirely clear and could well be a subject for legislative action. In the absence of such action it would appear just and proper that any regular employee, not directly employed as a lawyer, but whose duties give him peculiar knowledge of the facts of

such cases, could appear to represent the corporation, and this is so whether or not he is an attorney.

It cannot logically be argued that such a limitation on the corporate right to appear is unfair in that a large part of the time of busy and highly paid executives may be consumed in defending small claims asserted against their companies. The same argument could be made against forcing the individual to appear personally and thus consuming a portion of his valuable time that he might think could be more profitably spent elsewhere. The answer to the suggestion is that the Legislature of this state, drawing on the experience of many European countries and of many American states has determined that the social benefits to the poor litigant far outweigh the slight inconveniences to the wealthy one. The determination of such a problem is for the Legislature, and as long as that body stays within constitutional limitations, the courts cannot and should not interfere.

The only other problem necessary to discuss is whether Burton L. Walsh, a duly licensed attorney, should be permitted to represent appellant in this action in the small claims court. Appellant claims that although Walsh is one of its attorneys he also had specific authority to represent the company as its "agent" in this case. As already pointed out, the record shows that Walsh is an associate of the legal firm that has been retained by appellant in a purely legal capacity to represent it in its life business in and around San Francisco. Neither Walsh nor any other member of the legal firm has ever attempted to represent the company, until this case, in any other capacity than that of attorney. In a prior action between the policy holder involved in the action in the small claims court, Walsh was denied the right to appear as counsel for this corporate appellant. The action here involved was then filed in the small claims court on May 14, 1945, and service was had on Henderson, the statutory representative and manager of appellant in San Francisco. On May 19, 1945, the legal firm representing appellant requested of appellant by letter that appellant give Walsh something in writing designating him as agent and representative of the appellant to appear and to defend this particular action. On May 23, 1945, a vice-president of appellant complied with this request by designating Walsh "its agent and representative to appear on its behalf and defend" this particular action and this particular action only. Walsh pleaded and testified that he was

the only representative of appellant in San Francisco who had knowledge of the facts of the case, but this allegation and testimony was found to be untrue by the trial court. The finding was based on the evidence that there were over 120 employees of appellant in San Francisco, and upon Walsh's stipulation that his knowledge of the case came only from the files of appellant company that had been forwarded to him by the eastern counsel of the company and that he had no other knowledge of the case. The court also found, and these findings are also amply supported, that Walsh is not now and never has been an employee of appellant; that appellant has over one hundred employees in San Francisco; that Henderson is the manager of appellant in San Francisco and its agent designated to accept service of process. Walsh admitted that the only compensation he would receive for acting as "agent" of the corporation in this case would be the money he received as an associate of the law firm with which he is associated.

Under these circumstances it is too clear to require extended comment that Walsh was not the sort of representative of appellant permitted to appear for it under section 117g as heretofore interpreted. He was in law and in fact nothing more than the attorney for appellant, and as such prohibited from appearing for the company under the law. His purported "agency" was nothing more than an obvious attempt to circumvent the law prohibiting the appearance of attorneys in the small claims court. As already pointed out, one of the main purposes of the Legislature as expressed in the statute is to restrict the proceeding to the actual litigants and their witnesses and to prohibit either side from using a representative advocate such as an attorney. To allow one of the litigants in such actions to gain the advantage of legal representation in the manner here attempted would contravene the clear purpose and intent of such statute. That cannot be permitted. Walsh was not the type of representative of the company that may appear lawfully for such corporations under the rules heretofore discussed.

The judgment appealed from is affirmed.

Ward J., and Schottky, J. pro tem., concurred.

A petition for a rehearing was denied November 7, 1946, and appellant's petition for a hearing by the Supreme Court was denied December 5, 1946. Shenk, J., Edmonds J., and Schauer, J., voted for a hearing.