347 P.2d 120

William H. FOSTER, Plaintiff-Respondent,

v.

Max WALUS, Defendant-Appellant.

No. 8820.

Supreme Court of Idaho.

Nov. 19, 1959.

W. C. MacGregor, Jr., Grangeville, for appellant.

**454**

William H. Foster, Grangeville, for respondent.

SMITH, Justice.

Respondent, an attorney by profession, commenced this action against appellant, a mill worker, in the small claims department of the Justice's Court (herein sometimes referred to as the small claims court) of Grangeville Precinct in Idaho County; thereby respondent sought to recover on his claim, which did not exceed said court's jurisdictional amount of $100, I.C. § 1–1501, for damages to his automobile allegedly due to appellant's negligence.

Appellant, prior to trial moved the small claims court to permit him to be represented by counsel, contending unconstitutionality of I.C. § 1–1508 which prohibits attorney representation in said court. The court denied the motion and, upon hearing the cause, entered judgment for damages in favor of respondent.

Appellant duly appealed from the judgment to the district court "on questions of law alone," I.C. § 17–102, on the issue of the constitutionality of I.C. § 1–1508. The district court, upon submission of the matter, ruled in favor of the constitutionality of such section of the statute, and thereupon affirmed the judgment of the small claims court. Appellant has appealed from the judgment.

Appellant by his assignments of error again questions the constitutionality of I.C. § 1–1508. He asserts that said section de-

nied him the right of representation by counsel in the small claims court, which constituted denial of due process of law, and denial of the equal protection of the law. U.S.Const. 14th Amendment; Idaho Const. Art. 1, §§ 13 and 18.

Section 1–1508 is a part of Idaho Code, Title 1, c. 15, creating the small claims department of justices' courts. Such section reads as follows:

"No attorney at law or any other person than the plaintiff and defendant shall concern himself or in any manner interfere with the prosecution or defense of such litigation in said department, nor shall it be necessary to summon witnesses, but the plaintiff and defendant in any claim shall have the privilege of offering evidence in their behalf, themselves and witnesses appearing at such hearing, and being duly sworn as in other cases, and the justice shall render and enter judgment as in other cases."

I.C. § 1–1511, a part of said chapter, provides for an appeal by a defendant from a judgment of the small claims court; it reads in part:

"* * * If the defendant be dissatisfied he may, within ten days from the entry of said judgment against him, appeal to the district court of the county in which said court is located; and if the final judgment is rendered against him in such district court, then he shall pay, in addition to such judgment, the attorney's fee to the plaintiff * * *, provided, however, that appeals from such small claims department shall only be allowed in such cases as appeals would be allowed if the action were instituted in the justice's courts as is now provided."

We shall refer to certain sections of the statute relating to appeals from the justices' courts, to which the above section of the statute refers.

I.C. § 17–101, after providing for an appeal from the justice's court to the district court from a judgment rendered in a civil action in a justice's court, reads:

"* * * The notice [appeal] must state whether the appeal is taken from the whole or a part of the judgment, * * * and whether the appeal is taken on questions of law or fact, or both."

And I.C. § 17–103 provides for trial anew on an appeal on questions of fact or on questions of both law and fact, and reads in part:

"When a party appeals to the district court on questions of fact, or on questions of both law and fact, * * * the action must be tried anew in the district court."

In determining the constitutionality of a legislative enactment fundamental

**456**

principles must be duly considered and rigidly observed. Noble v. Bragaw, 12 Idaho 265, 85 P. 903; Rich v. Williams, 81 Idaho 311, 341 P.2d 432.

■ A legislative enactment is presumed to be constitutional and all reasonable doubt as to its constitutionality must be resolved in favor of its validity. Eberle v. Nielson, 78 Idaho 572, 306 P.2d 1083; Rich v. Williams, 81 Idaho 311, 341 P.2d 432; see also cases therein cited.

■ The burden of showing the unconstitutionality of a statute rests upon the party asserting it, and invalidity must be clearly shown. Eberle v. Nielson, supra; Rich v. Williams, supra.

■ ▪It is the duty of the courts to uphold the constitutionality of legislative enactments if such can be accomplished by reasonable construction. Eberle v. Nielson, supra; Rich v. Williams, supra.

Idaho Const. Art. 5, § 2 vests the judicial power of the state in the courts. Idaho Const. Art. 5, § 13, which admonishes the legislature to provide a proper system of appeals, reads:

"The legislature shall have no power to deprive the judicial department of any power or jurisdiction which rightly pertains to it as a coordinate department of the government; but the legislature shall provide a proper system of appeals, and regulate by law, when necessary, the methods of proceeding in the exercise of their powers of all the courts below the Supreme Court, so far as the same may be done without conflict with this Constitution."

■ "The elements of the constitutional guaranty of due process in its procedural aspect are notice and an opportunity to be heard or defend before a competent tribunal in an orderly proceeding adapted to the nature of the case." In re Petrie, 40 Wash.2d 809, 246 P.2d 465, 467; Abrams v. Jones, 35 Idaho 532, 207 P. 724; also the right of representation by counsel, In re Petrie, supra; Arizona State Dept. of Public Welfare v. Barlow, 80 Ariz. 249, 296 P.2d 298; Arnold v. Fort Worth & D. S. P. Ry. Co., Tex.Civ.App., 8 S.W.2d 298; Cooke v. United States, 267 U.S. 517, 45 S.Ct. 390, 69 L.Ed. 767; Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527.

Many American jurisdictions, including Idaho, have established so-called small claims courts, Annotation, 167 A.L.R. 827, thereby to provide speedy hearings of small claims at low cost to the litigants by nontechnical proceedings and, in some jurisdictions, by eliminating attorney representation of either party litigant in said courts. Leuschen v. Small Claims Court, 191 Cal. 133, 215 P. 391; Flour City Fuel & Transfer Co. v. Young, Minn., 185 N.W. 934;

Prudential Ins. Co. of America v. Small Claims Court, 76 Cal.App.2d 379, 173 P.2d 38, 167 A.L.R. 820.

The constitutionality of statutes similar to I.C. § 1–1508, limiting participation to the plaintiff and defendant and precluding attorney representation to either party in the small claims court, has been questioned, though infrequently. Since the case here, questioning the constitutionality of I.C. § 1–1508, is one of first impression, we deem advisable a review of corollary situations wherein was questioned the procedure as lacking due process.

This Court, as in the matter of preliminary examinations, has recognized that one accused of an indictable misdemeanor or a felony is not entitled to have an attorney appointed at public expense as a matter of right to represent him at a preliminary examination under the provisions of I.C. §§ 19–801 to 19–803; that denial of such right of counsel does not constitute denial of accused's statutory constitutional right to counsel at the preliminary examination, Idaho Const. Art. 1 § 13, in view of I.C. § 19–1512 which requires the district court, upon arraignment, to assign counsel to defend the accused if he be unable to employ counsel. State v. Calkins, 63 Idaho 314, 120 P.2d 253; Cobas v. Clapp, 79 Idaho 419, 319 P.2d 475.

This Court has considered administrative board procedure in an instance where the scope of an appeal was questioned, and in another when no appeal was provided.

In Electors of Big Butte Area v. State Board of Education, 78 Idaho 602, 308 P.2d 225, 230, appellant, board of education, questioned the scope of an appeal from an order of said board, on a petition to detach an area from one school district and join it to another. The board contended that the legislature intended to provide certiorari only, and that the district court could not receive additional evidence nor make independent findings, but was bound by the board's findings. This Court recognized that in the absence of limitation an appeal, which goes to the merits, is broader in scope than certiorari, which goes only to the regularity of the proceeding; and that to attach finality to the board's proceeding would in essence constitute judicial action and hence exercise of judicial powers belonging to the judicial branch of government, prohibited by the Constitution, Art. 2, § 1; that in such a case where the order of the administrative agency is drawn in question before the appellate court, the challenging party must be granted a trial de novo, citing inter alia, Laisne v. State Board of Optometry, 19 Cal.2d 831, 123 P.2d 457; Temescal Water Co. v. Department of Public Works, 44 Cal.2d 90, 280 P.2d 1. This Court, in holding that the district court did not err in construing the statutory provision for appeal as authorizing a trial de novo, said:

"This court has heretofore recognized that where either constitutional or vested property rights are involved the judicial department of the government must afford a remedy for the protection of such rights. A party claiming that such a right has been denied or impaired by the action of either the legislative or executive agencies of the state, is constitutionally entitled to a judicial inquiry sufficient in scope to afford adequate relief. * * *

* * * * * *

"* * * administrative decisions cannot be vested with such finality as to deny to the judicial department its power to afford protection of vested property and constitutional rights. * * *."

State v. Finch, 79 Idaho 275, 315 P.2d 529, 533, held unconstitutional I.C. § 47–1320 which provided for an appeal direct to the Supreme Court from an order of the State Board of Land Commissioners, as being an attempt to evade judicial process by legislation, since the remedy by appeal to the proper tribunal—the district court—clothed with fact finding power, had not been provided; certiorari not being sufficiently broad in scope to protect the defendant's constitutional right to due process of law. Justice Taylor's excellent statement, set out in his special concurring opinion, is as follows:

"* * * Where constitutionally protected rights of person or property are dependent upon a judicial review of findings of fact made by an administrative tribunal, that review must be had in a court having the facilities as well as the authority to re-examine the facts and make its own findings, when necessary to the preservation of such rights."

The Big Butte Area case cites a wealth of authorities, decided by this court, in support of the proposition that the legislature may clothe administrative boards with quasi-judicial power, provided, "that the statutes conferring such power also provided for an adequate judicial review," [78 Idaho 602, 308 P.2d 230] Idaho Const. Art. 5, § 13.

The Act relating to the small claims department of justices' courts, I.C. Title 1, c. 15, although prohibiting representation of either party litigant by an attorney, recognizes that such right exists on appeal and trial de novo of the case in the district court, by virtue of the right accorded the plaintiff-respondent, if successful on the appeal, to recover an attorney's fee. I.C. §§ 1–1511 and 1–1512.

The identical question now before this court was raised and decided in the leading case of Prudential Ins. Co. of America v. Small Claims Court, 76 Cal. App.2d 379, 173 P.2d 38, 39, 167 A.L.R. 820.

California's Code of Civ.Proc. § 117g, identical in import to I.C. § 1–1508, reads:

"No attorney at law or other person than the plaintiff and defendant shall take any part in the filing or the prosecution or defense of such litigation in the small claims court."

There, as here, the question presented was whether the prohibition against the appearance of lawyers rendered sec. 117g unconstitutional, particularly in the light of Cal. Code of Civ.Proc. §§ 117j and 974 providing for appeals from small claims courts to the superior court on questions of law or fact, or both, as is likewise provided by I. C. §§ 1–1511 and 17–103. Said the California court in the Prudential Company case:

"* * * There can be little doubt but that in both civil and criminal cases the right to a hearing includes the right to appear by counsel, and that the arbitrary refusal of such right constitutes a deprivation of due process. [Citations.] *But that does not mean that the legislature cannot create a Small Claims Court where informal hearings may be held without the assistance of counsel, as long as the right to appear by counsel is guaranteed in a real sense somewhere in the proceeding.* It is obvious that the plaintiff cannot object, although he has no right of appeal because he has elected to commence the action in the

Small Claims Court. If he desires an attorney he can sue, even on these small claims, in the Justices or Municipal Courts. *The defendant has no legal cause for complaint because if he is dissatisfied with the judgment of the Small Claims Court he has a right of appeal to the Superior Court where he is entitled to a trial de novo.* Los Angeles Bond [& Securities] Co. **v.** Superior Court, 1 Cal.App.2d 634, 37 P.2d 159. In that court he and the plaintiff can, of course, appear by counsel. *This satisfies the due process requirement.*

"That this is sound constitutional doctrine has been established by the United States Supreme Court in connection with the deprivation of a jury trial in small claims or conciliation courts. The leading case is Capital Traction Co. v. Hof, 174 U.S. 1, 19 S.Ct. 580, 43 L.Ed. 873, involving a federal statute relating to the duties of the justices of the peace in the District of Columbia. It was there held that the right to a common-law jury trial as guaranteed by the seventh amendment to the United States Constitution was not violated by a statutory provision allowing the primary trial of civil cases of moderate amount by a justice of the peace with or without a non-common-law jury, where the statute also allowed the parties the

**460**

right to appeal to a court of record where a common-law jury could be had.

"The same result was reached by the Supreme Court of Minnesota in Flour City Fuel & Transfer Co. v. Young, 150 Minn. 452, 185 N.W. 934; in upholding the constitutionality of the statute of that state creating the conciliation and small debtor's court, in which juries were barred. It was there held that 'The constitutional guaranty is satisfied if a party is afforded a jury trial on appeal though not in the tribunal of primary jurisdiction' citing the Hof and other cases. * * *.

"The reasoning of these cases is clearly applicable here. Certainly the constitutional guaranty of a jury trial is as important as the constitutional right to appear and prosecute or defend by counsel. If the one constitutional right is not violated as long as a jury trial may be had upon appeal, the right to an appeal where a trial de novo with counsel may be had satisfies the other constitutional requirement." [76 Cal.App.2d 379, 173 P.2d 39.] [Emphasis supplied.]

There is no merit in appellant's assignments of error. A plaintiff in the small claims court, by knowingly commencing his action therein cannot thereafter object to the denial of counsel; and a defendant (as was appellant) may avail himself of the right to appeal to the district court and a trial de novo with assistance of counsel therein. Such satisfies the due process requirement.

We therefore hold that I.C. § 1–1508 is not violative of the Constitution of either the United States or the State of Idaho.

The judgment is affirmed. Costs to respondent.

PORTER, C. J., and TAYLOR, KNUDSON and McQUADE, JJ., concur.