[Civ. No. 664. Fifth Dist. June 13, 1966.]

COMMUNITY NATIONAL BANK, Petitioner, v. SUPERIOR COURT OF KERN COUNTY, Respondent; GEORGE E. JAMES, Real Party in Interest.

Baker, Palmer & Wall and Stephen Wall for Petitioner.

No appearance for Respondent.

George E. James, in pro. per., for Real Party in Interest.

McMURRAY, J. pro tem.*—Petitioner seeks a writ of prohibition to prevent issuance of a writ of execution or any further proceedings on a superior court judgment rendered after trial de novo on appeal from a judgment in a small claims court action. An order to show cause why such writ should not be granted was issued from this court.

The original affidavit in the small claims court was entitled, so far as is here pertinent, "GEORGE E. JAMES Plaintiff v. ROBERT PARKER President Community National Bank Defendant." The "Notice of Entry of Judgment" after hearing in the small claims court bears the same designation of the parties as do the "Notice of Appeal" and the "Judgment on Appeal from Justice Court on Trial De Novo," with the addition of commas in various places.

The superior court judgment, after citing the fact of judgment for plaintiff against defendant, Robert Parker, in the small claims court, goes on to state:

*Assigned by the Chairman of the Judicial Council.

"It Is Ordered, Adjudged And Decreed that defendant, Robert Parker, have judgment against plaintiff for costs of court herein.

"It Is Further Ordered, Adjudged And Decreed that the proper party defendant is the Community National Bank against whom plaintiff is hereby granted judgment in the sum of One Hundred Dollars ($100.00) plus costs of court."

At first impression, it would appear that the action of the superior court in giving judgment against the bank was beyond its jurisdiction since the bank, as such, does not appear to have been named as a defendant in the original action. However, it should be remembered that the small claims court is a court which functions informally and expeditiously. There are no attorneys, no pleadings and no legal rules of evidence. (*Sanderson* v. *Niemann*, 17 Cal.2d 563, 573-575 [110 P.2d 1025].) The action in such court is commenced by an affidavit which states a claim for money due from the defendant, with no indication of the nature of the claim. (Code Civ. Proc., § 117a.)

The small claims court can act as against a corporation by appearance through a "proper representative," that is, any regular employee not directly employed as a lawyer but whose duties give him peculiar knowledge of the facts. (*Prudential Ins. Co.* v. *Small Claims Court,* 76 Cal.App.2d 379, 386 [173 P.2d 38, 167 A.L.R. 820].) It is also stated in *Prudential* that: "Obviously, the members of the board of directors and other officers should be permitted to so appear, and this is so whether or not they are attorneys." (P. 386.)

Therefore, in the instant case it is apparent that if the bank had been properly designated as the principal defendant, Robert Parker, its president, could properly have appeared for that entity and service upon him as such president would be sufficient to constitute service upon the corporation. (Code Civ. Proc., § 411.) To hold otherwise would be to do violence to the entire intent of the sections regarding small claims actions and would involve this court in applying rigid rules of pleading in a court where there are no pleadings and would impose upon parties litigant in a small claims action the burden of artistic pleading in order to subject a corporation to the process of the court.

As soon as the designation of the parties is questioned, it becomes necessary to embark on a line of reasoning to determine whether or not the words "President Community National Bank" are only *descriptio personae,* or whether by

their inclusion it was intended that the bank be named as a defendant. Remembering that laymen with no skill or training in legal expression are the litigants and that often the judges in justice courts are also laymen, it would seem to be a needless refinement to hold that the bank in this instance did not have notice of the action against it.

This conclusion is reinforced when it is remembered that upon appeal to the superior court the appellant, Robert Parker, was represented by the same attorney who now represents the bank in its petition for a writ of prohibition. The dispute in the small claims court involved the alleged delivery to the real party in interest of a counterfeit $100 bill by the bank. Two judges decided that the real party in interest was entitled to recover this $100, but differed as to whom he should look for payment. It does not seem to be an unreasonable construction to hold that by naming the bank in the caption of the affidavit and delivering such affidavit to the president of the bank, the real party in interest felt that he had subjected the bank to the jurisdiction of the court, and refined legal terminology should not be used for the first time in this court to defeat his claim.

The petition seeks prohibition, which is not the proper remedy, as mandamus is available for the staying of ministerial action. However, in view of the above, the order to show cause is discharged.

The temporary restraining order is set aside and the petition for the writ is denied.

Stone, J., concurred.

CONLEY, P. J.—I dissent. I cannot agree with my brethren that it was proper to enter a judgment against a person not sued as a defendant or served with process, and which did not appear voluntarily, or have its day in court. Consequently, I believe that the judgment against Community National Bank is void (28 Cal.Jur.2d, Judgments, § 4, pp. 615-618; 49 C.J.S., Judgments, §§ 23, 24, pp. 52-55; 30A Am.Jur., Judgments, § 24, pp. 177-179, and § 26, pp. 180-181) and that a writ should issue to restrain execution.

Petitioner's application for a hearing by the Supreme Court was denied August 24, 1966.