[No. 989-1.    Division One—Panel 2.    May 1, 1972.]

THE STATE OF WASHINGTON, *on the Relation of Alva C. Long et al., Appellants,* v. MURRAY A. McLEOD, *Respondent.*

*Frances Palmer* and *John Gant,* for appellants.

*Christopher T. Bayley, Prosecuting Attorney,* and *Michael F. Woodin, Deputy,* for respondent.

SWANSON, J.—Relator Long and intervenor Nitz appeal from the denial of a writ of prohibition by which they sought to prevent justice court Judge Murray McLeod from allowing corporations to sue in small claims court, a practice which appellants contend violates the Small Claims Act, specifically RCW 12.40.080.

Appellants' argument is premised on the contention that the legislature never intended to allow corporations to bring suit in small claims court. To otherwise interpret the legislative intent, appellants argue, is to violate the spirit and purpose of the Small Claims Act which was to provide a simple forum where individuals with claims too small to justify the delay and expense often associated with more formal proceedings could appear to litigate such claims without counsel. Appellants assert that to allow corporations to appear as plaintiffs in small claims court would frustrate the intent of the legislature because corporations are better equipped than individuals to present their

claims. They contend that over a period of time corporations would develop "expert" representatives who would appear in small claims court frequently and would very likely overwhelm less experienced individual defendants. Further, individuals would be prohibited by the Small Claims Act from retaining counsel to offset the corporate expertise.

Whether or not appellants' arguments have merit, they are founded largely in philosophy and social policy, rather than in law, and should be addressed to the legislature. Studies cited by appellants present problems inherent in allowing corporations to appear as plaintiffs in small claims court, but assign no illegality to such a practice in the absence of constitutional or statutory prohibition.[1]

■ Our state constitution makes no distinction between corporations and natural persons in the matter of access to the courts. Const. art. 12, § 5 states in part:

all corporations shall have the right to sue and shall be subject to be sued, in all courts, in like cases as natural persons.

RCW 23A.08.020 implements the constitution by providing:

*Each corporation shall have power:*

. . .

(2) To sue and be sued, complain and defend, in its corporate name.

An examination of RCW 12.40, the Small Claims Act, discloses no intention upon the part of the legislature to limit the constitutional and statutory power of corporations to sue by excepting them from the class of plaintiffs permitted to present their claims in small claims court.

Appellants argue that because the Small Claims Act prohibits the appearance of attorneys in small claims court,

---

[1]*See, e.g.,* Note, *The Persecution and Intimidation of the Low-Income Litigant as Performed by the Small Claims Court in California,* 21 Stan. L. Rev. 1657 (1969); Note, *Small Claims Courts as Collection Agencies,* 4 Stan. L. Rev. 237 (1952); Comment, *The California Small Claims Court,* 52 Calif. L. Rev. 876 (1964).

except in limited circumstances,[2] and because a corporation may appear in court only by an attorney, it follows that a corporation should be prohibited from initiating litigation in small claims court. Appellants also contend that the appearance of a nonattorney corporate representative in such courts constitutes the unauthorized practice of law in violation of RCW 2.48.170 of the State Bar Act.

We disagree. We are persuaded by the discussion of such contentions in *Prudential Ins. Co. of America v. Small Claims Court,* 76 Cal. App. 2d 379, 386, 173 P.2d 38, 42, 167 A.L.R. 820 (1946), where the court referred to the California statute, which is similar to ours, and stated:

> The obvious answer to this argument is that [cases cited by appellant] dealt with general common-law principles. They all resolve [*sic*] around the general rule that a corporation in the absence of statutory authority, even in its own behalf, cannot practice law. None of them dealt with a statutory situation such as is here involved. Here we have a statute, section 117g, that expressly confers on corporations, as well as on other persons, the right to prosecute or defend such actions. At the same time it denies to corporations as well as to other litigants the right to appear in such actions by attorneys. Since a corporation can only speak through a natural person, it is apparent, therefore, that section 117g must be interpreted as conferring on corporations the right to appear through some representative other than an attorney.

Appellants concede that corporations may be sued in the small claims courts if they otherwise meet the jurisdictional requirements of the Small Claims Act. Granted that is so, it becomes apparent that the rule announced in *Pru-*

---

[2] RCW 12.40.080 in effect provides that an attorney may appear in small claims court only with "the consent of the justice of said justice's court; . . ."

RCW 12.40.025 provides that a defendant in a justice court proceeding may transfer the action to small claims court if the claim is within that court's jurisdictional amount, provided that in the event of such a transfer the provisions of RCW 12.40.080 will not prohibit an attorney from representing the plaintiff if he was the attorney of record for the plaintiff at the time the action was commenced.

*dential Ins. Co. of America* is the appropriate one to adopt in this case.[3]

We conclude that there is nothing expressed in the Washington statutes to evidence a legislative purpose to exclude corporations from the small claims courts as plaintiffs. Indeed, we only can interpret the constitutional direction that corporations be permitted to sue in all courts as including the small claims courts.

The writ of prohibition was properly denied.

Judgment affirmed.

FARRIS, A.C.J., and JAMES, J., concur.

Petition for rehearing denied July 5, 1972.

Review denied by Supreme Court August 21, 1972.

---

[3]Appellants seek to distinguish *Prudential Ins. Co. of America* on the ground that it dealt with constitutional due process and equal access to the courts—questions which existed only because the corporation was a *defendant,* whereas the corporation in the case at bar sought to appear as a plaintiff in small claims court. Even assuming such constitutional questions are not presented in the instant case, there is nothing in the Washington Small Claims Act to support such a distinction. At the time of oral argument, counsel for appellants acknowledged that a corporate defendant could defend itself by way of cross-complaint and affirmative defense. We are not persuaded by appellants' contentions that even though a corporation may appear in small claims court through the back door, it is to be barred at the front.