*447 MR. JUSTICE SHEEHY
specially concurring:
I concur that the act establishing a small claims court division in the justice courts, Ch. 572, Laws of 1977 (Title 24, Ch. 35, MCA) is unconstitutional because it makes no provision for a jury trial, contrary to 1972 Mont.Const., Art. II, § 26.
I disagree with the foregoing opinion, authored by Justice Morrison, however, when it concludes that it is constitutionally permissible under our state constitution to deny a jury trial at the small claims court level in the justice court if a trial de novo is afforded on appeal in the District Court.
An unwelcome result of the reasoning of the foregoing opinion is that it holds constitutionally invalid a provision which is normally perfectly valid, namely, that an appeal from the justice court is not to be by trial de novo. There is nothing constitutionally impermissible in a legislature providing that appeals from a justice court shall be only on questions of law. Minovitz v. Justice’s Court (1926) 77 Cal.Ap. 95, 246 P. 82. It would not be necessary in the foregoing opinion to hold such a provision invalid if we decided that to provide a jury trial at the first stage of the small claims court procedure is a constitutional requirement.
The foregoing opinion posits that if a litigant has a right to a jury trial on appeal through a trial de novo, his jury right is preserved. The fact remains, however, that the litigant must first pass through a trial in the small claims court without a jury before he can get to the appeal stage. He would be given no right to a jury trial in the first layer of the decisional system. The state constitution says that “[t]he right of trial by jury is secure to all and shall remain inviolate.” 1972 Mont.Const., Art. II, § 26. The foregoing opinion, by holding the litigant’s right to a jury trial in an appeal de novo setting preserves the right inviolate, violates it. The litigant is in truth denied a jury trial until his appeal. The state constitution is not thereby obeyed.
I further disagree with the foregoing opinion that the right to counsel in the small claims court can be constitutionally denied, if *448 the right to counsel is guaranteed on appeal in a de novo procedure.
The right to counsel is implicit in the constitutional guaranties of due process, and I insist that the right to counsel must exist in the small claims court under the present statutory scheme.
The opinion foregoing relies on the Idaho case of Foster v. Walus (1959), 81 Idaho 452, 347 P.2d 120, and upon the California case of Prudential Ins. Co. v. Small Claims Court (1946), 76 Cal.App.2d 379, 173 P.2d 38. California, however, in later cases, has had to modify its position somewhat with respect to the right to counsel. In Mendoza v. Small Claims Court of Los Angeles J. D. (1958), 49 Cal.2d 668, 321 P.2d 9, it was held that the denial of right to counsel in unlawful detainer actions in a small claims court was invalid since under the provisions there, a tenant for month to month could be deprived of the possession of his property after a hearing where the tenant was not represented by counsel. Additionally, in Brooks v. Small Cl. Ct., Downey J. D., Los Angeles Cty. (1973), 8 Cal.3d 661, 105 Cal.Rptr. 785, 504 P.2d 1249, the California court held that the requirement in the small claims court statutes of an undertaking on appeal from a judgment in a small claims court constituted a taking of property prior to a due process hearing with a right to counsel.
With the later California cases in mind, I direct attention to our section 25-35-406, MCA, in the small claims court procedure. That statute provides:
“Execution of judgment. Proceedings to enforce or collect a judgment are governed by the laws relating to execution upon justice’s court judgments.”
Under section 25-31-1101, et seq., and section 25-13-501, et seq., MCA, the holder of a judgment in a small claims court under the present statutory scheme can procure execution on the judgment debtor’s property. Since the judgment debtor has been denied the right to counsel in the small claims court procedure, any such execution would constitute a taking of his property and a denial of due process because the judgment-debtor is not given an opportuni *449 ty to have counsel before his property is levied upon. There is no provision for a stay of execution under our present small claims court procedure.
Because a judgment debtor in a small claims court procedure may have his property executed upon, and because of the provision that in the small claims court the claimant can have the assistance of the justice in framing his complaint, (section 25-35-201(2), MCA) I would hold that the denial of right to counsel in the small claims court is an unconstitutional deprivation of due process to the litigants.
The constitutional defect of no right to counsel could not be cured by using the severability clause to uphold the remainder of the act. When a court holds that a law may be upheld by severing invalid provisions, the remainder of the law may be sustained as valid only if it is complete in itself and capable of being executed in accordance with the legislative intent. Gullickson v. Mitchell (1942), 113 Mont. 358, 126 P.2d 1106. Furthermore, the appellate court must be able to say that after the elimination of the invalid portions, the remainder of the act would have been enacted by the legislature. State v. Holmes (1935), 100 Mont. 256, 47 P.2d 624. 1 am judicially out of shape for such a long jump.
Therefore, I would hold that such an act is unconstitutional unless it provides a jury trial in the first instance and right to counsel to all parties at all stages.