No. 12886

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

MARTEL CONSTRUCTION, INC.,
a Montana corporation,

Plaintiff and Respondent,

-vs-

GLEASON EQUIPMENT, INC., an
Illinois corporation,

Defendant and Appellant.

---

Appeal from: District Court of the Eighteenth Judicial District,
Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

For Appellant:

Berg, Angel, Andriolo and Morgan, Bozeman, Montana
Gregory O. Morgan argued, Bozeman, Montana

For Respondent:

Drysdale, McLean and Scully, Bozeman, Montana
James A. McLean argued, Bozeman, Montana

---

Submitted: April 8, 1975

Decided: APR 2 8 1975

Filed: APR 2 8 1975

Thomas J. Kearney
Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

This is an appeal by the defendant, Gleason Equipment, Inc., hereinafter referred to as seller, from a judgment entered in the district court, Gallatin County, in favor of plaintiff, Martel Construction, Inc., hereinafter referred to as buyer, in the amount of $2,101.39.

On April 19, 1973, buyer entered into negotiations for the purchase of a P & H Model 440 TC-40 ton truck crane by writing a letter of inquiry to the seller. Seller replied by letter dated April 24, 1973. On May 15, 1973, buyer agreed to purchase and seller agreed to sell the crane as described in seller's quotation 7173 for the sum of $93,328.40, plus the cost of freight in the amount of $3,186.48.

The contract consisted of several items of correspondence which taken together constituted the substance of the agreement between buyer and seller. Although there was no statement in the writings specifically stating that time was of the essence to the contract or naming a delivery date, there were statements that seller was to supply the crane "promptly" and "to suit your convenience". Over objection, the district court permitted Walter Martel, secretary-treasurer of the buyer, to testify that buyer advised seller the crane was needed during the latter part of May 1973; that seller represented the crane desired was available and would be shipped promptly to suit buyer's convenience and needs; and, that a material part of the contract inducing buyer to purchase the crane was seller's assurances that the crane would be delivered to buyer the last week in May or the first part of June 1973.

The crane arrived by railroad in Bozeman on June 3, 1973. Seller's service engineer, Joe Ashley, arrived in Bozeman on June 7, 1973, and buyer was able to unload the crane the following

day. In unloading the crane, the following parts were discovered to be missing which rendered the crane inoperable: a 350 foot cable; hook, block and ball; and two drive wedges. Buyer immediately gave notice to seller of the missing parts. Following joint efforts by buyer and seller, the missing parts were received on June 26, 1973. On September 26, 1973, buyer filed its complaint alleging damages resulting from "failure to deliver to the plaintiff the crane in operable condition."

The district court judgment awarded these damages: $40, demurrage to the railway company; $62.18, freight on the hook and block; $351.61 cost of cable and freight; $191.87, overcharge for freight of crane; $77.50, the net sum expended by buyer for the rental of a crane in Billings; and, $1,378.23, the reasonable rental value of the crane from June 5, 1973, (the date the court found the crane first could have been unloaded) to June 26, 1973.

While a number of issues were raised by the parties, we find the resolution of two to be determinative of this appeal: (1) Whether parol evidence was admissible in support of a finding that time was of the essence in this contract? (2) Whether there is substantial credible evidence to support the district court's finding of fact No. IV?

The first issue is whether parol evidence was admissible in support of a finding that time of delivery was of the essence in this contract. We hold it was error to admit such parol evidence. Section 13-724, R.C.M. 1947, provides:

> "Time is never considered as of the essence of a contract, unless by its terms expressly so provided."

In interpreting that section, this Court stated in Curtis v. Parham, 49 Mont. 140, 144, 140 P. 511:

> "Under this section, but one subject is open to discussion, and that is not what the parties may have intended to say, but what they did say

> in their contract. It is true, of course, that
> no set form or arrangement of words is neces-
> sary, but the contract must, upon its face,
> convey the meaning that time shall be of the
> essence. Our statute will not permit an oral
> extrinsic showing that such was the intention
> of the parties to a written contract, the terms
> of which are expressed in clear and explicit
> language."

Buyer relies on statements in the correspondence between the parties which, it contends, create an ambiguity as to whether time was of the essence and that parol evidence was admissible for the resolution of that ambiguity. We find no ambiguity. In his initial letter of inquiry, Walter Martel stated that the crane was "Required May 15, 1973". In its letter of reply, seller stated, "we can ship new from the factory between now and early May, to suit your convenience." These statements were made four and three weeks prior to the agreement entered into on May 15, 1973, over the telephone, and shed no light on that later agreement. In its letter dated May 15, 1973, confirming the agreement of the same day, seller stated, "we will try to get [it] shipped from the factory by no later than Friday of this week." The statement is straightforward, it is not ambiguous. There is no hint that time is of the essence. The fact that buyer was entitled to a 12% cash discount for full payment upon delivery sheds no light upon the issue of when delivery was required.

The above discussion is not altered by section 87A-2-202, Uniform Commercial Code, R.C.M. 1947, which states that a written contract "may be explained or supplemented * * * (b) by evidence of consistent additional terms * * *". The terms of a specific statute prevail over those of a general statute which otherwise might be controlling. Sun Insurance Co. of New York v. Diversified Engineers, Inc., 240 F.Supp. 606, 609 (D.Mont. 1965).

The second issue is whether there is substantial credible evidence to support the district court's finding of fact No. IV:

- 4 -

> "That the material a part of the basis of the
> transaction and bargain inducing Martel to pur-
> chase the crane was Gleason's assurances that
> the crane would be delivered to Martel the last
> week in May or the first week in June of 1973,
> and further, that Gleason would have a represen-
> tative in Bozeman, Montana, upon arrival of the
> crane to unload and erect the crane at no extra
> charge."

We do not find substantial credible evidence to support this finding. As previously determined, parol evidence must be disregarded in making any determination as to time of delivery. Thus we are left with the statements in the correspondence which we previously discussed. From what we have said, it is evident there is no evidence whatsoever from which to make a determination as to time of delivery.

The second part of finding of fact No. IV--that seller would have a representative in Bozeman upon arrival of the crane, is simply contradicted by the evidence. The only person to testify at the trial was Walter Martel. He stated that "When the equipment arrived" buyer was to contact seller, so that a service engineer could fly out to assist in the unloading. The service engineer arrived in Bozeman late on June 7 and the crane was unloaded the next day. There was no evidence the service engineer's arrival was unreasonably delayed. Since the court's finding that the service engineer was to be in Bozeman upon arrival of the crane formed the basis for the district court's judgment awarding $40 damages for the demurrage to the railway company, that portion of the judgment must be reversed. Contrary to the court's finding No. XIV seller has never admitted liability for the $40 demurrage charge.

Section 87A-2-309(1), R.C.M. 1947, states:

> "The time for shipment of delivery or any other
> action under a contract if not provided in this
> chapter or agreed upon shall be a reasonable
> time."

No contention has been made that the delivery of a complete crane by June 26, 1973, was not within a reasonable time.

Seller admitted its breach of section 87A-2-307, R.C.M. 1947, in that it did not tender a complete crane in a single

- 5 -

delivery, and admitted its liability for these damages: $62.18, freight on the hook and block; $351.61, cost of cable and freight; $191.87, overcharge for freight of crane.

Accordingly, the judgment is modified so as to award buyer judgment in the amount of $605.66, plus interest from the respective dates the rights to recover the damages vested in the buyer (section 17-204, R.C.M. 1947) through July 2, 1974, the date seller offered to let judgment be rendered against it for the sum of $605.66 (section 58-427, R.C.M. 1947). Costs on appeal are awarded to seller.

_____
Justice

We concur:

_____

_____

_____
Justices

_____
Hon. E. Gardner Brownlee, district
judge, sitting in place of Mr. Chief
Justice James T. Harrison.