No. 80-228

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

---

NORTH CENTRAL SERVICES, INC.,

        Plaintiff and Respondent,

-vs-

KENNETH M. HAFDAHL,

        Defendant and Appellant.

---

Appeal from:  District Court of the Twelfth Judicial District,
In and for the County of Hill, The Honorable
B. W. Thomas, Judge presiding.

Counsel of Record:

    For Appellant:

        Morrison, Ettien and Barron, Havre, Montana
        Chris R. Young argued, Havre, Montana

    For Respondent:

        Arnold H. Peterson, Havre, Montana
        Daniel R. Carpenter, Havre, Montana

    For Amicus Curiae:

        Hon. Mike Greely, Attorney General, Helena,
        Montana
        Rick Larsen and John Maynard argued, Asst. Atty.
        Generals, Helena, Montana

---

        Submitted:  January 12, 1981

        Decided:  March 11, 1981

Filed:  MAR 12 1981

*Thomas J. Kearney*
Clerk

Mr. Justice Frank B. Morrison, Jr., delivered the Opinion of the Court.

This is an appeal from a District Court judgment which upheld the constitutionality of the small claims procedure, Title 25, Ch. 35, MCA. The District Court, after sustaining constitutionality of the act, entered judgment in favor of the plaintiff for $678.25.

This case was originally tried before a justice of the peace, sitting without a jury. Both parties were present, but neither was represented by legal counsel. The justice of the peace found in favor of plaintiff, and defendant appealed to the District Court. Defendant attempted to appear in the District Court through counsel but was denied that opportunity by the trial judge. A trial de novo is prohibited by the provisions of the small claims procedure; and therefore, the trial court reviewed only questions of law. The judgment entered in justice court was affirmed.

The issues presented on appeal are: (1) Whether the small claims procedure in justice court, pursuant to Title 25, Ch. 35, MCA, unconstitutionally deprived defendant of the right to counsel? (2) Whether the small claims procedure in justice court, pursuant to Title 25, Ch. 35, MCA, unconstitutionally deprived defendant of the right to a trial by jury? (3) Whether the provision that a justice of the peace may assist a party in the preparation of his pleading, pursuant to section 25-35-201(2), MCA, unconstitutionally deprives the opposing party of due process? (4) Whether, if part of the procedure is unconstitutional, the balance can stand?

## Part 1

The small claims procedure makes no provision for a jury trial. Section 25-35-105(2), MCA, provides that a

party may not be represented by an attorney unless all parties are represented by an attorney. Section 25-35-403(2), MCA, prohibits a trial de novo in the District Court and provides that appeals shall be limited to questions of law.

The effect of the statutory provisions, above referred to, is to deny a jury trial and to deny counsel at all stages of the fact-finding process.

The Montana Constitution is silent on right to counsel in civil cases, but nearly all courts have held that such right is implicit in due process guarantees. For example see Prudential Ins. Co. v. Small Claims Court (1946), 76 Cal.App.2d 379, 173 P.2d 38; Foster v. Walus (1959), 81 Idaho 452, 347 P.2d 120. We hold that in Montana the right to counsel is implicit within constitutional guarantees of due process, and the right to counsel must exist at some stage in the proceeding.

The question of whether the right to counsel must be afforded in a small claims court was specifically treated by the Idaho Supreme Court in Foster v. Walus, supra. The Idaho small claims procedure, unlike the present procedure in Montana, afforded a trial de novo with counsel on appeal. In answering the argument that counsel could not be denied in the small claims court, the Idaho Supreme Court said:

> "A plaintiff in the small claims court, by knowingly commencing his action therein cannot thereafter object to the denial of counsel; and a defendant (as was appellant) may avail himself of the right to appeal to the District Court in a trial de novo with assistance of counsel therein. Such satisfies the due process requirement." 347 P.2d at 125.

The same result was reached in Prudential Ins. Co. of America v. Small Claims Court, supra.

Section 25-35-403(2), MCA, provides: "There shall not be a trial de novo in the District Court. The appeal shall be limited to questions of law."

Subsection 2, above quoted, is unconstitutional because it effectively denies counsel at all levels of factual determination. The right to counsel can be denied in the small claims procedure, as long as the right is protected on appeal. Since we have struck the prohibition against a trial de novo in District Court, we find section 25-35-105(2), MCA, to be constitutional, if the unconstitutional provision can be severed.

## Part 2

The question of whether a jury trial is required in small claims court, provides a more difficult question. Article 2, Section 26, the Montana Constitution, provides: "Trial by jury. The right of trial by jury is secured to all and shall remain inviolate . . ." This Court has the right to interpret its own constitution in a manner which grants greater rights than are secured under the federal constitution. However, it is the duty of the courts to uphold the constitutionality of legislative enactments if such can be accomplished by reasonable construction. Foster v. Walus, supra. We hold that the constitutional right to trial by jury is satisfied if it is granted at the District Court level, though denied at the small claims level.

This question was addressed by the U. S. Supreme Court in Livingston v. Moore (1833), 32 U.S. (7 Pet.) 469, 8 L.Ed. 751. Article XI, Ch. I, Constitution of Pennsylvania adopted in 1776, provided "That in controversies respecting property, and in suits between man and man, the parties have a right to trial by jury, which ought to be held sacred." In the

Constitution of Pennsylvania adopted in 1790, Article IX, Section 6, declared "That trial by jury shall be as heretofore, and the right thereof remain inviolate."

The statutes of Pennsylvania, from 1782, required all accounts between the state and its officers to be settled by the comptroller general and approved by an executive counsel. If a balance was found to be due the state, the comptroller general was authorized to direct the clerk of the county where the officer resided to issue summary process to collect the amount due. It was further provided that the person aggrieved by the process should be allowed to have a trial of the facts by a jury through appealing from the settlement of the comptroller general to the Supreme Court of the state. The law further required that the aggrieved party enter sufficient surety as a prerequisite to the prosecution of such appeal. The constitutionality of these statutes was attacked as being in derogation of the "right to trial by jury" secured by the Pennsylvania Constitution. In resolving this question, the U. S. Supreme Court said: "As to the sixth section of the Pennsylvania bill of rights, we can see nothing in these laws on which to fasten imputation of the violation of the right of trial by jury; since, in creating the lien attached to the settled accounts, the right of an appeal to a jury is secured to the debtor; . . ." This case was cited by approval in Capital Traction Co. v. Hoff (1898), 174 U.S. 1, 19 S.Ct. 580, 43 L.Ed. 873.

We hold that section 25-35-403(2), MCA, is unconstitutional because it effectively denies the right to trial by jury at all levels. We further hold that the right to trial by jury, as secured by the Montana Constitution, remains inviolate if provided on appeal to the District Court.

## Part 3

Appellant further attacks the constitutionality of section 25-35-201(2), MCA, which provides: "The justice shall assist any claimant in preparing his complaint or instruct his clerk to provide such assistance . . ." Appellant contends that he is denied due process of law by virtue of the justice of the peace assisting one of the parties to the litigation. We find no merit in this contention. By guaranteeing a trial de novo on appeal to the District Court, all constitutional guarantees will be satisfied.

## Part 4

The remaining question is whether the balance of the small claims procedure, section 25-35-101, MCA, through 25-35-406, MCA, exclusive of section 25-35-403(2), MCA, can stand. The procedure contains the following severability clause: "If a part of this act is invalid, all valid parts that are severable from the invalid part remain in effect. If a part of this act is invalid in one or more of its applications, the part remains in effect in all valid applications that are severable from the invalid applications." Ch. 573, Section 21, Laws of Montana (1977).

We must find the procedure constitutional if (1) severance leaves an otherwise complete procedure, and (2) we can accomplish severance while honoring legislative intent as to the balance of the act.

Section 25-35-303, MCA, provides that all civil actions tried in small claims court must be electronically or stenographically recorded. Section 25-35-404, MCA, provides the entire record of proceedings in the small claims court shall be transmitted to the District Court, including the recording or transcript referred to in section 25-35-303, MCA. These

two sections, which constitute the heart of the appeal procedure provided, contemplate an appeal limited to questions of law. Since we have struck the prohibition against a trial de novo, the appeal procedure which remains is incompatible with the appeal procedure required.

We are not able to ascertain legislative intent. The legislature intended to prohibit a trial de novo, and the appeal procedure provided is tailored to a review of legal questions only. For example, no mention is made of a bond requirement on appeal. Yet, in an appeal from justice court to District Court, where a trial de novo is required, a bond must be posted, section 25-33-201, MCA, through section 25-33-207, MCA.

Because the prohibition against a trial de novo is unconstitutional, we are left without an appropriate appeal procedure. For the reasons previously stated, an appeal must be made available with a trial de novo in District Court. We, therefore, find that we cannot sever the unconstitutional prohibition, section 25-35-403(2), and have a complete act. Neither are we able to determine what the legislators' intent on an appeal procedure would have been had they known of the constitutional requirement for a trial de novo in District Court.

We hold the small claims procedure in justice court, section 25-35-101, MCA, through section 25-35-406, MCA, inclusive, to be unconstitutional and void.

Furthermore, we hold that a judgment obtained under this unconstitutional act is not void and the unconstitutionality of the act does not deprive the judgment of its effect. Chicot County Drainage Dist. v. Baxter State Bank (1940), 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed 329.

This opinion is effective as to the litigants in this case and effective as to judgments becoming final after the date hereof.

## Part 5

We remand this case to the District Court with directions to vacate the judgment. Plaintiff may refile in any court having jurisdiction.

_____
Justice

We concur:

_____
Justices

Mr. Justice John C. Sheehy specially concurring:

I concur that the act establishing a small claims court division in the justice courts, Ch. 572, Laws of 1977 (Title 25, Ch. 35, MCA) is unconstitutional because it makes no provision for a jury trial, contrary to 1972 Mont. Const., Art. II, § 26.

I disagree with the foregoing opinion, authored by Justice Morrison, however, when it concludes that it is constitutionally permissible under our state constitution to deny a jury trial at the small claims court level in the justice court if a trial de novo is afforded on appeal in the District Court.

An unwelcome result of the reasoning of the foregoing opinion is that it holds constitutionally invalid a provision which is normally perfectly valid, namely, that an appeal from the justice court is not to be by trial de novo. There is nothing constitutionally impermissible in a legislature providing that appeals from a justice court shall be only on questions of law. Himovitz v. Justice's Court (1926) 77 Cal.App. 95, 246 P. 82. It would not be necessary in the foregoing opinion to hold such a provision invalid if we decided that to provide a jury trial at the first stage of the small claims court procedure is a constitutional requirement.

The foregoing opinion posits that if a litigant has a right to a jury trial on appeal through a trial de novo, his jury right is preserved. The fact remains, however, that the litigant must first pass through a trial in the small claims court without a jury before he can get to the appeal stage. He would be given no right to a jury trial in the

first layer of of the decisional system. The state constitution says that "[t]he right of trial by jury is secure to all and shall remain inviolate." 1972 Mont. Const., Art. II, § 26. The foregoing opinion, by holding the litigant's right to a jury trial in an appeal de novo setting preserves the right inviolate, violates it. The litigant is in truth denied a jury trial until his appeal. The state constitution is not thereby obeyed.

I further disagree with the foregoing opinion that the right to counsel in the small claims court can be constitutionally denied, if the right to counsel is guarantied on appeal in a de novo procedure.

The right to counsel is implicit in the constitutional guaranties of due process, and I insist that the right to counsel must exist in the small claims court under the present statutory scheme.

The opinion foregoing relies on the Idaho case of Foster v. Walus (1959), 81 Idaho 452, 347 P.2d 120, and upon the California case of Prudential Ins. Co. v. Small Claims Court (1946), 76 Cal.App.2d 379, 173 P.2d 38. California, however, in later cases, has had to modify its position somewhat with respect to the right to counsel. In Mendoza v. Small Claims Court of Los Angeles J.D. (1958), 49 Cal.2d 668, 321 P.2d 9, it was held that the denial of right to counsel in unlawful detainer actions in a small claims court was invalid since under the provisions there, a tenant for month to month could be deprived of the possession of his property after a hearing where the tenant was not represented by counsel. Additionally, in Brooks v. Small Cl. Ct., Downey J.D., Los Angeles Cty. (1973), 8 Cal.3d 661, 504 P.2d 1249, the California court held that the requirement in the small

-10-

claims court statutes of an undertaking on appeal from a judgment in a small claims court constituted a taking of property prior to a due process hearing with a right to counsel.

With the later California cases in mind, I direct attention to our section 25-35-406, MCA, in the small claims court procedure. That statute provides:

"Execution of judgment. Proceedings to enforce or collect a judgment are governed by the laws relating to execution upon justice's court judgments."

Under section 25-31-1101, et seq., and section 25-13-501, et seq., MCA, the holder of a judgment in a small claims court under the present statutory scheme can procure execution on the judgment debtor's property. Since the judgment debtor has been denied the right to counsel in the small claims court procedure, any such execution would constitute a taking of his property and a denial of due process because the judgment-debtor is not given an opportunity to have counsel before his property is levied upon. There is no provision for a stay of execution under our present small claims court procedure.

Because a judgment debtor in a small claims court procedure may have his property executed upon, and because of the provision that in the small claims court the claimant can have the assistance of the justice in framing his complaint, (section 25-35-201(2), MCA) I would hold that the denial of right to counsel in the small claims court is an unconstitutional deprivation of due process to the litigants.

The constitutional defect of no right to counsel could not be cured by using the severability clause to uphold the remainder of the act. When a court holds that a law may be upheld by severing invalid provisions, the remainder of the

law may be sustained as valid only <u>if</u> <u>it</u> <u>is</u> <u>complete</u> <u>in</u> <u>itself</u> <u>and</u> <u>capable</u> <u>of</u> <u>being</u> <u>executed</u> <u>in</u> <u>accordance</u> <u>with</u> <u>the</u> <u>legislative</u> <u>intent</u>. Gullickson v. Mitchell (1942), 113 Mont. 359, 126 P.2d 1106. Furthermore, the appellate court must be able to say that after the elimination of the invalid portions, the remainder of the act would have been enacted by the legislature. State v. Holmes (1935), 100 Mont. 256, 47 P.2d 624. I am judicially out of shape for such a long jump.

Therefore, I would hold that such an act is unconstitutional unless it provides a jury trial in the first instance and right to counsel to all parties at all stages.

John E. Shelley
—————————————
Justice

Mr. Justice Daniel J. Shea concurring in part and dissenting in part:

I agree that the small claims procedure set up in Title 25, Ch. 35, MCA, is unconstitutional, and that the severability clause will not save the substance of this act. In enacting this act, the legislature ignored the constitutional right to jury trial guaranteed by 1972 Mont. Const., Art. II, § 26. The majority, however, holds that it is sufficient if a new small claims procedure act guarantees the right to jury trial by an appeal to District Court and a second trial held there. I part with the majority here because I believe that the right to jury trial must be guaranteed in the court of original jurisdiction--the court that first conducts a trial on the merits. A fair reading of Art. II, § 26, requires this interpretation.

The majority seizes on the first sentence of Art. II, § 26, "[t]he right of trial by jury is secured to all and shall remain inviolate"--but ignores the remaining language of this section. It is not enough to quote the first sentence, for the remaining language of section 26 shows without question that the right to jury trial is guaranteed in each of the trial courts of this state.

The 1972 Mont. Const., Art. II, § 26 provides:

"Trial by jury. The right of trial by jury is secured to all and shall remain inviolate. But upon default of appearance or by consent of the parties expressed in such manner as the law may provide, all cases may be tried without a jury or before fewer than the number of jurors provided by law. In all civil actions, two-thirds of the jury may render a verdict, and a verdict so rendered shall have the same force and effect as if all had concurred therein. In all criminal actions, the verdict shall be unanimous."

This section does not distinguish between levels of trial courts.

-13-

The meaning of this section, when read in its entirety, is crystal clear. The explicit guarantee is set out in the first sentence: "the right of trial by jury is secured to all and shall remain inviolate." By the second sentence, trials in all Montana trial courts can be by less than the required number of jurors if the parties agree, or if a party defaults. By the third sentence, trial of a civil case in all trial courts of this state, required the agreement of two-thirds of the jury in order to reach a verdict. By the fourth and last sentence, trial of a criminal case in all trial courts of this state requires the unanimous agreement of the jury in order to reach a verdict.

I don't know what could be more clear. However, reference to the 1889 constitutional provision guaranteeing the right to jury trial, shows the intent of the framers in transforming the 1889 constitutional provision to the 1972 provision. The 1889 Mont. Const., Art. III, § 23, provides:

> "The right of trial by jury shall be secured to all, and remain inviolate, but in all civil cases and in all criminal cases not amounting to felony, upon default of appearance, or by consent of the parties expressed in such manner as the law may prescribe, a trial by jury may be waived, or a trial had by any less number of jurors than the number provided by law. A jury in a justice's court, both in civil cases and in cases of criminal misdemeanor, shall consist of not more than six persons. In all civil actions and in all criminal cases not amounting to felony, two-thirds in number of the jury may render a verdict, and such verdict so rendered shall have the same force and effect as if all such jury concurred therein."

A careful comparison of the 1889 provision with the 1972 provision, shows that there are only two substantial changes--the other changes are style and drafting changes. First, under the 1889 Constitution, a defendant could not waive a jury trial in a/criminal case, but under the 1972 felony Constitution, a defendant by agreement of the parties, can

-14-

waive a jury trial.  Second, under the 1889 Constitution in nonfelony cases, only two-thirds of the jury need agree to reach a binding verdict; but under the 1972 provision, in all criminal cases the verdict must be unanimous.

The Convention Notes on the right to jury trial show that these were the only changes contemplated by the delegates. The note to section 26 states:

> "Revises 1889 constitution [Art. III, sec. 23]
> by permitting a defendant to waive a jury trial
> in felony cases as well as civil and misdemeanor
> cases and by requiring all jurors [rather than
> 2/3] agree before a defendant may be convicted
> of a misdemeanor."

No one would argue that a person did not have a right to a jury trial in justice court under the old constitution; and no one should argue that a person does not have a right to a jury in justice court, police court, or a small claims court under the 1972 constitution.  The right is there--it is "secured to all and shall remain inviolate."  Art. II, § 26.

For reasons I don't understand, the majority cites, without explanation, two United States Supreme Court decisions: Capital Traction Co. v. Hoff (1898), 174 U.S. 1, 19 S.Ct. 580, 589, 43 L.Ed. 873; and Livingston v. Moore (1833), 32 U.S. (7 Pet.) 469, 8 L.Ed. 751.  Neither case is applicable to the question raised here.

In Livingston v. Moore, supra, a Pennsylvania case, the procedures in that state set up an administrative method for settling of accounts between the state and its officers. No trial was involved at all.  Once the comptroller authorized the clerk to issue summary process to collect the amount he decided was due, any aggrieved state officer could immediately cut off that process by appealing to the Pennsylvania Supreme

Court and demanding a jury trial.  Therefore, the right of

jury trial was guaranteed the moment the administrative

proceedings were completed and the comptroller reached a

decision.

Another reason Livingston does not apply here is that

the court interpreted constitutional provisions wholly

unlike the provision in Montana.  The constitutional provisions

actually involved in Pennsylvania, stated:

> "In controversies respecting property, and
> in suits between man and man, the parties
> have a right to trial by jury, which ought
> to be held sacred."  Art. 22, Const. of
> Penn. adopted in 1776.

> "Trial by jury shall be as heretofore, and
> the right thereof remain inviolate."  Sec.
> 6, Bill of Rights, Const. of Penn. adopted
> in 1790.

These provisions cannot be compared at all with Montana's

constitutional provision, Art. II, § 26.  I see no reason

why Livingston has any bearing on interpreting our own

constitutional provision.

Nor does Capital Traction Co. v. Hoff, supra, have any

bearing on the issue raised here under our own constitution.

That case involved issues not even involved in this case.

The first issue was whether the trial procedure in the

District of Columbia violated the right to a jury trial as

provided for in the Seventh Amendment to the United States

Constitution.  The second issue was whether the right to

jury trial based on law existing before the District of

Columbia became a ward of the United States Government,

applies after the district became a ward.  These issues are

totally irrelevant to an interpretation of our own constitu-

tional provision on jury trials.

It is clear that in holding that the right to jury

trial under 1972 Mont. Const., Art. II, § 26 can be preserved

by providing for a jury trial at a second trial on appeal, the majority has totally ignored the provisions of our constitution. It is not enough to base a decision only on the first sentence of Art. II, § 26.

As I have already stated, the majority got ahead of itself in holding that the first trial can take place without a jury, but that a second trial with a jury must be guaranteed. It also appears by implication in the majority opinion that the right to counsel in a civil trial before a jury, must be guaranteed, and that the absence of counsel amounts to a denial of due process of law. I don't agree.

I emphasize first that I would require a jury trial to be held in any small claims proceedings if either one of the parties demanded a jury trial. I also believe there are benefits to a jury trial in a small claims court if it is conducted without benefit of counsel.

One of the main objectives of a small claims procedure is to have speedy and inexpensive justice. Although this concept is illusory at best, it is still an objective of which we should not lose sight. The presence of counsel at a trial often makes it less speedy, and surely makes it more expensive.

A jury trial without benefit of counsel can reach the equities of a case. One of the objectives of a small claims court is to simplify pleadings, to do away with the technical rules of evidence, and to generally get to the heart of the issue in order to reach an equitable solution. This can be done only if the small claims court is more a court of equity than it is a court of law.

Although I have no empirical evidence to back my statement, I don't think I am going astray in stating that most

-17-

people in this country do not want to entrust the fate of a case to the hands of one person. Most people would feel far better about their trial if it was a jury of their fellow citizens deciding their case. People in this country are naturally suspicious of entrusting their fate to one person. If a jury, rather than a judge, decides a small claims case, I believe that a party on the receiving end of an adverse jury verdict, will more readily abide by the jury's decision. If so, he is less likely to take an appeal and the litigation will be ended.

A small claims court judge who genuinely wants to see the case fairly submitted to a jury, will do his best to see that the jury has the whole story. If the proceedings are to be effective, the jury should be invited to participate in the trial by asking questions and generally getting to the bottom of the case so that the equities can be felt. Once those equities are felt, I believe the collective judgment of a jury is more likely to reach an equitable result than is the judgment of one person. A jury is the cross-section of the community and a jury is the conscience of the community. A judge is not.

I do not say that a jury decision in a small claims court should in all cases be irrevocably final. Perhaps there should be an appeal process, and in that appeal process it might be best to let counsel participate. Nor do I say that a jury system as I recommend would not have its abuses; there is no system yet devised by man that has not been abused. But if abuses do occur, surely the existing legal remedies could be fashioned to reach the abuses. If the abuses were frequent and wide-ranging, I have no doubt that the legislature would be asked to convert the small claims court into a court of law, with all the formal procedures.

Under Art. II, § 26 of our constitution, the right to jury trial in a small claims court is "inviolate." But if we have the faith in the jury system as we all say we do (and I am a true believer), we should let it operate in a small claims court differently than in a strict court of law. The results may be good, or they may be bad, but we should give it a chance, for any abuses can be corrected.

There are several unhealthy implications of a decision that permits a jury trial only at a second trial, after there has already been a nonjury trial/ on the merits in the court below. The realities are that in many if not most of the trials, a jury trial waiver would be the result. We should not bury our heads in the sand.

The legislature cannot help but be aware that the district courts, are, for the most part, overburdened with cases to try--both criminal and civil. There is more than a probability that a case appealed from a small claims court will not have as good a chance of getting on the jury trial calendar as are the criminal cases and civil cases filed directly in district court. The case on appeal from the small claims court may well languish at the district court level for a long period of time before it is ever tried. Nor can it be denied that district judges are most reluctant to call in juries to try civil appeals coming to them from a lower court. A district court judge undoubtedly will directly or indirectly pressure counsel or the parties to waive a jury trial. It is not unheard of that district judges have their own way of convincing counsel that it is best to waive a jury trial, and that message inevitably gets back to the client. Only a strong-willed client can prevail upon his lawyer and the trial

-19-

judge in his insistence on a jury trial. These are not theories; they are the realities. If the right to a jury trial is to mean anything, this is not the way it should be.

Even if there was no pressure from district judges and lawyers to waive a jury trial in an appeal from a small claims court, the undeniable fact is that it would take a long time to get to trial, whether the trial is by jury, or whether the trial is waived and a judge hears the case. If the general purpose of a small claims court is to be served, it is best to have the full trial on the merits, before a jury, in the small claims court.

We have today declared the small claims act to be unconstitutional. If the legislature decides to again create a small claims court, I would suggest that its members closely read the 1972 Mont. Const., Art. II, § 26. I think they would agree that they must provide for a jury trial in the small claims court. That section does not distinguish between district court trials and lower court trials when guaranteeing the right to jury trial. But the majority has erroneously done so here.

_____
Justice

I concur with the foregoing concurrence/dissent.

_____
Justice

-20-

Mr. Chief Justice Frank I. Haswell, dissenting:

I would declare section 25-35-403(2), MCA prohibiting trial de novo in the District Court and restricting appeals to questions of law unconstitutional, sever it from the rest of the Act, and declare the balance of the Act constitutional. Accordingly, I would vacate the judgment and remand the case to the District Court for a trial de novo.

I agree with the majority opinion on all points save one. I part company with the majority in its holding that the entire Act is unconstitutional because the appeal procedure which remains after excising section 25-35-403(2), MCA, "is incompatible with the appeal procedure required;" that "we are unable to ascertain legislative intent" with regard to the appeal procedure; and therefore the remainder of the Act is incomplete and cannot be severed.

In my view, legislative intent is clear and unmistakable from the language of the Act:

> "Section 21. Severability. If a part of this act is invalid, all valid parts that are severable from the invalid part remain in effect. If a part of this act is invalid in one or more of its applications, the part remains in effect in all valid applications that are severable from the invalid applications." Laws of Montana (1977), Ch. 572, § 21.

I find no difficulty in severing the prohibition against trial de novo in the District Court and limiting the appeal to questions of law from the rest of the Act. The small claims procedure on appeal remains complete because the statutes governing appeals from the justice court to the District Court apply. Section 25-33-101 et seq., MCA. These statutes provide a procedure for the filing of an appeal (sections 25-33-101 to 25-33-104 inclusive, MCA), for an undertaking and stay of execution on appeal (sections 25-33-201 to 25-33-207 inclusive, MCA), for a trial de novo in the District Court (section 25-33-301, MCA)

and for the procedure in the District Court on appeal (section 25-33-301 to 25-33-306 inclusive, MCA). The provisions of the small claims procedure, a specific statute, control over the provisions governing appeals from justice court to the District Court, a general statute, only to the extent of any inconsistencies. Martel Constr. Inc. v. Gleason Equip. Inc. (1975), 166 Mont. 479, 483, 534 P.2d 883, 885. Fickes v. Missoula County (1970), 155 Mont. 258, 272, 470 P.2d 287, 294. It might be argued that the provisions regarding tapes or transcripts of the justice court proceedings (section 25-35-404 and 25-35-405, MCA) are incompatible with a trial de novo in District Court, but their utility for impeachment of witnesses in the District Court and discouraging alteration of testimony in the District Court are valid objectives and remain undiminished.

As I see it, the remainder of the Act would have been enacted by the legislature after excising the unconstitutional part by reason of the severability provision in the Act itself, and in conformity with the other requirements in Gullickson v. Mitchell (1942), 113 Mont. 359, 375, 126 P.2d 1106, 1115, and City of Missoula v. Holmes (1935), 100 Mont. 256, 291, 47 P.2d 624, 636.

Likewise, the provisions on appeal provide a complete appeal procedure by incorporation of existing statutes governing appeals from justice court to District Court. Viewed in this way, I find the Act complete in itself and one which the legislature would have intended to be in effect even without section 25-35-403(2), MCA.

For the foregoing reasons, I dissent from the majority holding that the entire Small Claims Court Act is unconstitutional.

_____
Chief Justice

-22-