MR. CHIEF JUSTICE HASWELL
dissenting:
*456 I would declare section 25-35-403(2), MCA prohibiting trial de novo in the District Court and restricting appeals to questions of law unconstitutional, sever it from the rest of the Act, and declare the balance of the Act constitutional. Accordingly, I would vacate the judgment and remand the case to the District Court for a trial de novo.
I agree with the majority opinion on all points save one. I part company with the majority in its holding that the entire Act is unconstitutional because the appeal procedure which remains after excising section 25-35-403(2), MCA, “is incompatible with the appeal procedure required;” that “we are unable to ascertain legislative intent” with regard to the appeal procedure; and therefore the remainder of the Act is incomplete and cannot be severed.
In my view, legislative intent is clear and unmistakable from the language of the Act:
“Section 21. Severability. If a part of this act is invalid, all valid parts that are severable from the invalid part remain in effect. If a part of this act is invalid in one or more of its applications, the part remains in effect in all valid applications that are severable from the invalid applications.” Laws of Montana (1977), Ch. 572, § 21.
I find no difficulty in severing the prohibition against trial de novo in the District Court and limiting the appeal to questions of law from the rest of the Act. The small claims procedure on appeal remains complete because the statutes governing appeals from the justice court to the District Court apply. Section 25-33-101 et seq., MCA. These statutes provide a procedure for the filing of an appeal (sections 25-33-101 to 25-33-104 inclusive, MCA), for an undertaking and stay of execution on appeal (sections 25-33-201 to 25-33-207 inclusive, MCA), for a trial de novo in the District Court (section 25-33-301, MCA) and for the procedure in the District Court on appeal (section 25-33-301 to 25-33-306 inclusive, MCA). The provisions of the small claims procedure, a specific statute, control over the provisions governing appeals from justice court to the District Court, a general statute, only to the extent of any incon *457 sistencies. Martel Constr. Inc. v. Gleason Equip. Inc. (1975), 166 Mont. 479, 483, 534 P.2d 883, 885; Fickes v. Missoula County (1970), 155 Mont. 258, 272, 470 P.2d 287, 294. It might be argued that the provisions regarding tapes or transcripts of the justice court proceedings (section 25-35-404 and 25-35-405, MCA) are incompatible with a trial de novo in District Court, but their utility for impeachment of witnesses in the District Court and discouraging alteration of testimony in the District Court are valid objectives and remain undiminished.
As I see it, the remainder of the Act would have been enacted by the legislature after excising the unconstitutional part by reason of the severability provision in the Act itself, and in conformity with the other requirements in Gullickson v. Mitchell (1942), 113 Mont. 359, 375, 126 P.2d 1106, 1115, and City of Missoula v. Holmes (1935), 100 Mont. 256, 291, 47 P.2d 624, 636. Likewise, the provisions on appeal provide a complete appeal procedure by incorporation of existing statutes governing appeals from justice court to District Court. Viewed in this way, I find the Act complete in itself and one which the legislature would have intended to be in effect even without section 25-35-403(2), MCA.
For the foregoing reasons, I dissent from the majority holding that the entire Small Claims Court Act is unconstitutional.